## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. **1:17-cv-02286-RBJ**

BETHANY LANGE,
JENNIFER OH,
BROOKE HOFFMAN,
MICAH BAILEY,
LINDA SOLTIS,
DERRICK SMITH,
SHILOH IRVIN,
MATTHEW BRUDNICKI,
JAMES ROCHE,
JENNIFER JOHNSTON,
MICHAEL SPANO,
TORIANNA BONDS,
DAKOTA JONES,
DUSTY DERIGO,
DAN MCCULLOUGH,
ANGEL GONZALES,
CHRISTINA BOHNSTEDT,
On Behalf Of Themselves And All Others Similarly Situated,

    Plaintiff(s),

v.

ALCOHOL MONITORING SYSTEMS, INC., a Delaware Corporation;
LOS ANGELES ALCOHOL MONITORING Inc., a California Entity;
SCRAM OF CALIFORNIA, Inc., a California Corporation;
ETOH MONITORING, L.L.C., a Louisiana Corporation;
RECOVERY SOLUTIONS CONSULTING & TRAINING CORP, a New York Corporation; RECOVERY HEALTHCARE CORPORATION, a unknown entity;
SENTINEL OFFENDER SERVICES, LLC., a Delaware Corporation;
SCRAM SYSTEMS OF ILLINOIS, Inc., an Illinois Entity;
HOUSE ARREST SERVICES, Inc., Unknown Entity;
ROCKY MOUNTAIN OFFENDER MANAGEMENT SYSTEMS, LLC., a Colorado Corporation;
PRONTOTRAK, Inc., a Georgia Corporation;
TOTAL COURT SERVICES OF INDIANA, L.L.C., an Indiana Corporation;
COURT PROGRAMS, Inc., a Mississippi Corporation;
MIDWEST MONITORING AND SURVEILLANCE, INC., a Minnesota Corporation; and DOES 1-10, inclusive,

Defendant(s).

**Response To William Lefaiver's Motion For Withdrawal Of Appearance And To Stay Proceedings**

Defendant Alcohol Monitoring Systems respectfully submits its response to William LeFaiver's Motion for Withdrawal of Appearance and to Stay Proceedings, and requests that this Court hold a hearing on this matter. Further, AMS requests that the Court stay the responsive pleading deadline for all defendants and not set a scheduling conference until after this motion is heard.

## RESPONSE

This case involves a group of individuals who had ankle-worn alcohol monitoring devices as part of their court mandated rehabilitation programs. Plaintiffs seek to bring a nation-wide class action lawsuit against the manufacturers of their devices. This case is the second attempt by all Plaintiffs (and third attempt by several Plaintiffs) to bring a meritless class-action lawsuit against Defendants.[1]

Now, Plaintiffs' Ohio counsel William LeFaiver seeks to withdraw from this case. On the same day Mr. LeFaiver's motion was filed, the Orr Law Firm also contacted defense counsel seeking to withdraw from the case. (Gruenberg Decl. ¶ 5.) Mr. LeFaiver did not meet and confer with AMS prior to filing this motion, he did not seek counsel's position on a stay, and he did not conduct an investigation regarding his allegations that defense counsel engaged in *ex parte* communications—which are patently false. (Coleman Decl. ¶¶ 8, 12; Gruenberg Decl. ¶¶ 2, 6.)

---

[1] Defendant AMS concurrently files a Motion for Rule 41(d) Fees and Costs.

Although AMS does not oppose the withdrawal of Mr. LeFaiver or the Orr Law Firm as Plaintiffs' counsel, it opposes any request for Plaintiffs to represent themselves and requests a status hearing to evaluate how to proceed.  Defendant AMS has reason to believe that this entire lawsuit is a sham orchestrated by Anthony Oliver, an individual who has filed at least four lawsuits against AMS in the past, has been declared vexatious by the California Courts, and has been admonished by the District Court in California for holding himself out to be an attorney. (Coleman Decl. ¶ 4-5.)  Mr. Oliver filed a declaration in a substantially similar lawsuit filed in the Central District of California, *Oh v. Scram of California, et al.*, indicating that he was directing the litigation and that he had instructed plaintiffs' counsel Mr. Edwin Aimufua to dismiss the lawsuit and refile in Colorado. (*Id.* ¶ 3, Exh. A)  That case was dismissed on September 8, 2017, and this case was filed on September 21, 2017.

On September 29, 2017, Defense counsel sent all Plaintiffs' current counsel a meet and confer letter bringing to their attention Mr. Oliver's history of vexatious conduct against AMS. (Coleman Decl. ¶ 6, Exh. C.)  The letter stated that if Plaintiffs' counsel were aware that Mr. Oliver is involved in this litigation in order to harass and annoy Defendants, it is improper to allow him to hide behind counsel in a putative class action lawsuit to continue his abuse of the judicial process. (*Id.*)  Thereafter, Plaintiffs' counsel from the Orr firm indicated that they were seeking to withdraw from this case.

A hearing would provide an opportunity to evaluate whether Plaintiffs plan on proceeding with this case, how they will look for counsel, and how they will represent themselves if they are unable to find counsel.  Mr. LeFavier should explain the basis of

his allegations to disqualify defense counsel based on purported *ex parte* communications. These allegations are baseless, and simply appear to be another tactical maneuver from Mr. Oliver who has filed frivolous bar complaints and personal lawsuits against AMS counsel in the past. (Coleman Decl. ¶ 10.) Further, Plaintiffs' counsel should also explain if they ever investigated the factual basis of plaintiffs' allegations, and if they ever spoke to any plaintiff, before being permitted to withdraw.

Finally, in light of the uncertainty of how this case will proceed, AMS respectfully requests that defendants' responsive pleading deadlines be stayed (for served and unserved defendants) and the scheduling conference be continued until after a hearing on this motion.

DATED at Los Angeles, California this 13th day of October, 2017.


 s/ Susan E. Coleman
Susan E. Coleman
Kristina Doan Gruenberg
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA  90071-2953
Tel:  213.236.0600  Fax:  213.236.2700
E-mail:  scoleman@bwslaw.com
E-mail:  kgruenberg@bwslaw.com

Attorneys for Defendants
ALCOHOL MONITORING SYSTEMS, INC.,
SENTINEL OFFENDER SERVICES, LLC and
MIDWEST MONITORING and SURVEILLANCE