**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. **1:17-cv-02286-RBJ**

BETHANY LANGE,
JENNIFER OH,
BROOKE HOFFMAN,
MICAH BAILEY,
LINDA SOLTIS,
DERRICK SMITH,
SHILOH IRVIN,
MATTHEW BRUDNICKI,
JAMES ROCHE,
JENNIFER JOHNSTON,
MICHAEL SPANO,
TORIANNA BONDS,
DAKOTA JONES,
DUSTY DERIGO,
DAN MCCULLOUGH,
ANGEL GONZALES,
CHRISTINA BOHNSTEDT,
On Behalf Of Themselves And All Others Similarly Situated,

      Plaintiff(s),

v.

ALCOHOL MONITORING SYSTEMS, INC., a Delaware Corporation;
LOS ANGELES ALCOHOL MONITORING Inc., a California Entity;
SCRAM OF CALIFORNIA, Inc., a California Corporation;
ETOH MONITORING, L.L.C., a Louisiana Corporation;
RECOVERY SOLUTIONS  CONSULTING & TRAINING CORP, a New York
Corporation; RECOVERY HEALTHCARE CORPORATION, a unknown entity;
SENTINEL OFFENDER SERVICES, LLC., a Delaware Corporation;
SCRAM SYSTEMS OF ILLINOIS, Inc., an Illinois Entity;
HOUSE ARREST SERVICES, Inc., Unknown Entity;
ROCKY MOUNTAIN OFFENDER MANAGEMENT SYSTEMS, LLC., a Colorado
Corporation;
PRONTOTRAK, Inc., a Georgia Corporation;
TOTAL COURT SERVICES OF INDIANA, L.L.C., an Indiana Corporation;
COURT PROGRAMS, Inc., a Mississippi Corporation;
MIDWEST MONITORING AND SURVEILLANCE, INC., a Minnesota Corporation; and
DOES 1-10, inclusive,

Defendant(s).

## Declaration Of Susan E. Coleman In Support Of Response To William Lefaiver's Motion For Withdrawal Of Appearance And To Stay Proceedings

I, SUSAN E. COLEMAN, declare:

1.      I am an attorney of law duly licensed to practice before all of the Courts of the state of California and the District Court in Colorado.  I am a partner with the law firm of Burke, Williams & Sorensen LLP, attorneys of record for defendant Alcohol Monitoring Systems ("AMS) in this action.  I also represented Defendant Court Programs, Inc., before they were voluntarily dismissed from the case.  If called and sworn as a witness to testify, I am competent to testify and would testify from my own personal knowledge as to the facts set forth in this declaration.

2.      I have reason to believe that this entire lawsuit is a sham orchestrated by Anthony Oliver.  Mr. Oliver has admitted that he was the process server in two similar cases filed in the Central District of California: *Hansen v. Scram of California, et al.*, Case No. 2:17-cv-01474-CAS-PLA and *Oh v. Scram of California, et al.,* Case No. 2:17-cv-05588-CAS-PLA.  The *Oh* lawsuit involves the same plaintiffs as this matter and brings the same causes of action.

3.      Mr. Oliver filed a declaration in the *Oh* lawsuit indicating that he was directing the litigation and that he had instructed plaintiffs' counsel Mr. Edwin Aimufua to dismiss the lawsuit and refile in Colorado.  That case was dismissed on September 8, 2017, and this case was filed on September 21, 2017.  Attached as Exhibit A is a true and accurate copy of Mr. Oliver's Declaration.

4.      Mr. Oliver has been declared vexatious by the California courts [Attached as Exhibit B, p. 59] and has filed at least four lawsuits against AMS and other defendants.

5.      Mr. Oliver's prior lawsuits against AMS include:

- *Oliver v. AMS, et al*, Case no. 37-2016-00031893-CU-PL-CTL (San Diego Superior Court).  After finding that Mr. Oliver had been previously declared a vexatious litigant, the Court ordered Mr. Oliver to furnish a $75,000 security.  The case was dismissed after Mr. Oliver failed to furnish security. [Attached as Exhibit B, page 57.]

- *Oliver v. SCRAM et al.*, Case No. 16-cv-1193-LAB (Southern District of California).  After the court issued two show cause orders against Plaintiff, Mr. Oliver voluntarily dismissed the lawsuit.  The Court notably admonished Mr. Oliver for improperly holding himself out as an attorney. [Attached as Exhibit B, p. 61]

- *Oliver v. SCRAM, et al*, Case No. 2:17:cv-00237-SVW-AJW (Central District of California). After Defendants filed a motion showing that Mr. Oliver was a vexatious litigant and requested that a bond to be furnished, Mr. Oliver voluntarily dismissed the lawsuit.

- *Oliver v. SCRAM, et al.*, Case No. 2:17-CV-04735-CAS-PLAx (Central District of California).  Mr. Oliver voluntarily dismissed the case after the Court denied Plaintiff appointment of counsel.

6.      On September 29, 2017, I sent Plaintiffs' current counsel Mr. LeFaiver and

the Orr Law Firm a meet and confer letter bringing to their attention Mr. Oliver's history

of vexatious conduct against AMS.  The letter stated that if Plaintiffs' counsel were

aware that Mr. Oliver is involved in this litigation in order to harass and annoy

Defendants, it would be improper to allow him to hide behind counsel in a putative class

action lawsuit to continue his abuse of the judicial process.  Attached as Exhibit C is a

true and correct copy of my Rule 11 letter.

7.     My meet and confer letter to Mr. LeFaiver and the Orr law firm included a

copy of Mr. Oliver's declaration in the *Oh* case as well as a Supplemental Rule 26(f)

report which was filed before District Court Judge Christina Snyder in the District Court

of California in the *Hansen* case.  The Supplemental Rule 26(f) report outlined and

provided exhibits showing Mr. Oliver's involvement, his vexatious litigation history, and

harassment against defense counsel.  Judge Snyder admonished plaintiffs' counsel in

the *Hansen* case and said she would be displeased if this occurred in her court.  A few

days later, the *Hansen* case was dismissed.  Attached as Exhibit B is the Supplemental

Rule 26(f) report from the *Hansen* case.

8.     I have never contacted any Plaintiff in this case.  I do not have any phone

numbers, email addresses, or any contact information for any Plaintiff and would not

contact them even if I could because they are represented by counsel.

9.     On September 28, 2017, my office received a call from someone

identifying herself as Roseanne Hansen, a plaintiff who had previously sued AMS.  Ms.

Hansen said she was returning a call she received but refused to leave a message with

reception.  I have never contacted Ms. Hansen and do not know anything about a call

she was allegedly returning.

10.     On October 3, 2017, I was informed that former Plaintiff James Roche attempted to directly speak to former Defendant Court Programs, Inc.  My office instructed Court Programs, Inc. not to speak to Mr.  Roche and I immediately emailed Plaintiffs' counsel asking them to instruct their clients not to communicate with any defendants. Attached as Exhibit D is a true and correct copy of my email.

11.     I believe that Mr. Oliver is trying to make it appear that my colleague Ms. Gruenberg and I have been having ex parte communications with plaintiffs and former plaintiffs to gain a tactical advantage.  This is consistent with his past behavior where he has personally sued the both of us and our co-defense counsel in Florida alleging we threatened him with bodily harm (which we vehemently deny), filed a frivolous bar complaint for simply appearing in a case prior to service (the same allegation Mr. LeFaiver's has made in his Motion to Withdraw), and has sent Ms. Gruenberg and me harassing and misogynistic emails. Exhibits of this harassing conduct were introduced before Judge Snyder in the Central District Court and included in Defendant's Supplemental Rule 26(f) report, which is attached as Exhibit B.

12.     Mr. LeFaiver did not meet and confer with me prior to filing his motion, he did not seek my position on a stay, and he never asked me if I had any ex parte communications with any of his clients.  If he had, I would have informed him that these allegations are patently false.

13.     I have reached out to Mr. LeFaiver several times to discuss this case by phone and email, and have never received a response until today.  He indicated that he

LA #4831-2566-5105 v1

is likely withdrawing from the case but he wanted to review the exhibits we referenced in our letter.  I indicated that we had also overnighted him a hard copy of the materials.

14.     I believe that Mr. Oliver or someone associated with Mr. Oliver is receiving the electronic filings in this case under the name John.anderson0311@gmail.com.  I received emails from this address threatening to come to my home at 3 a.m. to serve me with Mr. Oliver's Florida lawsuit, and forwarding me a copy of Mr. Oliver's bar complaint.  These emails were included in Defendant's Supplemental Rule 26(f) report in the *Hansen* case, which is attached as Exhibit B.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 11th day of October, 2017, at Los Angeles, California.


s/ Susan E. Coleman
SUSAN E. COLEMAN

EXHIBIT A

Edwin I. Aimufua, Esq., SBN: 186986
LAW OFFICES OF EDWIN I. AIMUFUA
17000 Ventura Blvd, Suite # 201
Encino, California 91316
(818) 855-1118 (Telephone)
(818) 855-1101 (Facsimile)
eia@aimufualaw.com

*Attorneys for Plaintiffs and on behalf*
*of all others similarly situated*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER OH, CHRISTINA BOHNSTEDT, BROOKE HOFFMAN, MICAH BAILEY, LINDA SOLTIS, DERRICK SMITH, KALEB FAJARADO, GWENDOLYN RAYMOND, ANTHONY HERRERA, SHILOH IRVIN, MATTHEW BRUDNICKI, JAMES ROCHE, LINDSEY LILJENQUIST, RYAN MCVEY, BETHANY LANGE, ANTHONY JORDAN ALLEN PRICE, RASHON KYLE, HAMAD HAMDI, JENNIFER JOHNSTON, JAMES TROXEL, MAUREEN CARNEY, MICHAEL SPANO, TORIAHNA BONDS, GABRIEL GARCIA-FRAIRE, SHANE HANRAHAN, DAN McCULLOUGH, KEVIN COLLINS, KRISTEN ZINSELMEIER, JAMES COOPER ROSEANNE HANSEN, DUSTY DERIGO, NICOLE FRANKLIN, DAKOTA JONES, JOHN RAY, JONATHAN YAGEL, ANGEL GONZALES, ELIJAH HAYDARY, MIKE ESTRADA, on behalf of themselves and all others similarly situated; | Case No.: 17-CV-5588-CAS-PLA **Hon. Christina A. Snyder** **United States District Judge** **Chief Judge, Central District** DECLARATION OF PROCESS SERVER ANTHONY OLIVER |
| Plaintiffs, | |
| vs. | |
| SCRAM OF CALIFORNIA, Inc., a California Corporation; ALCOHOL MONITORING SYSTEMS, INC., a Delaware Corporation; LOS ANGELES ALCOHOL MONITORING Inc., a California Entity; FLORIDA SAFETY COUNCIL, Inc., a Florida Entity; UNITED SAFETY COUNCIL, Inc., a Florida Entity; ETOH MONITORING, L.L.C., a Louisiana Corporation; RECOVERY SOLUTIONS CONSULTING & TRAINING CORP, a private Entity; RECOVERY HEALTHCARE CORPORATION, A Texas Corporation; | |
| [continued on page 2] | |

[continued on page 2]

-1-

| | |
|---|---|
| 1 | TOTAL COURT SERVICES OF NEVADA, LLC., a Nevada Corporation: SENTINEL |
| 2 | OFFENDERS SERVICES, LLC., a Delaware Corporation; SCRAM SYSTEMS OF |
| 3 | ILLINOIS, Inc., an Illinois Entity; COURT PROGRAMS OF NORTH FLORIDA, LLC, a |
| 4 | Florida Entity; HOUSE ARREST SERVICES, Inc., Unknown Entity; MIDWEST ADP, INC., |
| 5 | a Missouri Entity; WISCONSIN LOCK & LOAD ELECTRONIC MONITORING |
| 6 | SOLUTIONS, LLC, a Wisconsin Corporation; MIDATLANTIC MONITORING SERVICES, |
| 7 | L.L.C., a Pennsylvania Corporation; ROCKY MOUNTAIN OFFENDER MANAGEMENT |
| 8 | SYSTEMS, LLC., a Colorado Corporation; ICU MONITORING INC., an Indiana Entity; |
| 9 | EASTERN MISSOURI ALTERNATIVE SENTENCING SERVICES, Inc., a Missouri |
| 10 | Corporation; ADVANTAGE SENTENCING ALTERNATIVE PROGRAMS, Inc., a |
| 11 | Maryland Corporation; PRONTOTRAK, Inc., a Georgia Corporation; TOTAL COURT |
| 12 | SERVICES OF INDIANA, L.L.C., an Indiana Corporation; PRIDE INTERGRATED |
| 13 | SERVICE, Inc., a Georgia Corporation; NINEHOUSE MEDIA, INC., an Illinois |
| 14 | Corporation; LEADERS IN COMMUNITY ALTERNATIVES, INC., a California |
| 15 | Corporation; and DOES 1-100, inclusive. |
| 16 | Defendants. |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | /// |
| 26 | /// |
| 27 | /// |
| 28 | |

DECLARATION OF PROCESS SERVER ANTHONY OLIVER

**TO THE HONORABLE CHRISTINA A. SNYDER, CHIEF JUDGE OF THE CENTRAL DISTRICT OF CALIFORNIA:**

### DECLARTION OF DUE DILIGENCE

1.      I am over 18 years old, and not a party to the within action. If called upon to testify, I would do so competently.

2.      On July 31, 2017, I accepted an assignment from the Law Offices of Edwin I. Aimufua to execute service of Summons, Complaint, and all relevant documents upon each of the Defendants within my reach of the Southern states of Florida, Georgia, and surrounding states. My office is based in Florida.

3.      In this assignment, I informed Mr. Aimufua that for the Defendants that are not within my reach, that I would contract the job out to fit process servers, or in the alternative, persons I deemed over the age of 18 years old, and not a party to the action.

4.      My assignment was abruptly ended when attorneys Susan Coleman, SBN # 171832 and Kristina Gruenberg, SBN # 268188, began contacting various people including Mr. Aimufua asking about my involvement in this case. This is because most recently Susan E. Coleman sent various derogatory emails about me to two people both in Nevada, and California.

5.      I did not file this declaration to use the Court or the forum to raise these issues. I filed this declaration to the Honorable Christina A. Snyder for another reason.

6.      Again, my job was to effectuate service of process of the summons and complaint on the Defendants.

7.      However, I inform Judge Christina A. Snyder that I never served Defendant Alcohol Monitoring Systems, Inc., ("AMS") in this case.

8.     Further, I never directed anyone whatsoever to serve AMS with the Summons and Complaint. This is also admitted by attorney Kristina Gruenberg in an email to Mr. Aimufua, all of which was turned over to the State Bar of California in a 63-page complaint.

9.     At no time was AMS served through their agent for service, C.T. Corporation in either Los Angeles, or Colorado.

10.    On August 31, 2017, I just happen to be reviewing the pacer docket, and discovered that Susan Coleman and Kristina Gruenberg files notices of appearances despite the fact that they know they have no legal right to file a notice. I also discovered that both attorneys filed a motion to dismiss, and an opposition to transfer venue.

11.    Again, at this point and time, Defendant AMS has not been served with the Summons and Complaint in this case, and both Susan Coleman and Kristina Gruenberg of Burke, Williams & Sorenson have knowingly filed a notice of appearance in this case despite knowing that AMS has not been served. They continue their dirty practice of committing perjury, lying, falsifying documents, and violating the rules of the State Bar of California.

12.    I also went on pacer and obtained a copy of the Motion to Dismiss, and the Opposition to transfer venue and jurisdiction. ECF Dkt # 52, 53, and 54.

13.    After careful review of the Opposition to Transfer Venue, its states by these two attorneys in their own admission that AMS was never served.

14.    On September 8, 2017, I contacted the State Bar of California, Office of the Chief Trial Counsel, the Honorable Steven Moawad, and his deputy trial counsels, Mr. Joseph Carlucci, Ms. Melanie Lawrence, Mr. Anthony Garcia, Mr. Gregory Dresser, and Mr. John Kelly, senior deputy trial counsel about the continued violations committed by Susan E. Coleman, and Kristina D. Gruenberg. That complaint and all 63 pages were sent certified mail with a tracking number of 7017-1000-0000-0459-0480, United States Postal Service.

15.    I am monitoring the pacer program and I will continue to monitor all of the activity of these two attorneys and will be forwarded to the State Bar to seek prosecution.

16.    I have instructed Mr. Edwin I. Aimufua, Esq., to dismiss this action without prejudice, and that I would pay all costs associated with refilling it in the district of Colorado. Several days ago, I also tipped off Colorado based AMS attorney James Dallner, and Phillip Lorenzo about a potential dismissal without prejudice so that these two lawyers, who just formed their own law firm, can ask that AMS allow them to represent AMS in Colorado. I will pay for all fess that are associated with refiling this case in Colorado.

16.    I currently live in Jacksonville, Florida, and as such, there is a Stage 5 hurricane coming this way. At this time, I am unable to evacuate, and therefore, I submit this declaration in case it is my last.

I certify under the penalty of perjury that this foregoing is true and correct dated this 8th day of September, 2017 in the City of Jacksonville, County of Duval, the United State of America.

Anthony Oliver – Process Server

DECLARATION OF PROCESS SERVER ANTHONY OLIVER

# PROOF OF SERVICE BY MAIL

## STATE OF GEORGIA, COUNTY OF CHATHAM

### Federal Rules of Civil Procedure, rule 5

I, the undersigned, hereby certify that I am a citizen of the United States and over the age of eighteen; My business address is:  22 W. Bryan Street, # 174, Savannah, Georgia, 31401.

I am familiar with the practice of collection and processing of documents for mailing with the United States Postal Service, that the documents would be deposited with the United States Postal Service that same day in the ordinary course of business.

On September 8, 2017, I placed the **DECLARATION OF ANTHONY OLIVER** in a sealed envelope, with postage thereon fully prepaid, and following the ordinary business practices of this Law Firm, placed said envelope for collection and mailing to the parties to the within action, at Encino, California, addressed as follows:

**THE STATE BAR OF CALIFORNIA**
**ATTN: Honorable Steven Moawad**
**845 S. Figueroa Street, 3rd Floor**
**Los Angeles, California 90017**

**USPS Tracking #    7017-1000-0000-0459-0480**

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed this 8th day of September, 2017, in Savannah, Georgia.

By: _____

Anthony Oliver - Declarant

DECLARATION OF PROCESS SERVER ANTHONY OLIVER

**Mehra, Terri**

---

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **Sent:** | Friday, September 08, 2017 5:54 PM |
| **To:** | ecfnef@cacd.uscourts.gov |
| **Subject:** | Activity in Case 2:17-cv-05588-CAS-PLA Jennifer Oh, et al v. Scram of California, Inc. Declaration (Motion related) |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Aimufua, Edwin on 9/8/2017 at 5:54 PM PDT and filed on 9/8/2017

| | |
|---|---|
| **Case Name:** | Jennifer Oh, et al v. Scram of California, Inc. |
| **Case Number:** | 2:17-cv-05588-CAS-PLA |
| **Filer:** | Jennifer Oh |
| **Document Number:** | 75 |

**Docket Text:**
**DECLARATION of Anthony Oliver, Process Server In Support Of NOTICE OF MOTION AND MOTION to Change Venue to to the District of Colorado[38] filed by Plaintiff Jennifer Oh. (Aimufua, Edwin)**

**2:17-cv-05588-CAS-PLA Notice has been electronically mailed to:**

Edwin I Aimufua      eia@aimufualaw.com, Antemo1956@aol.com, Sweetmarineguy26@aol.com

Jessica L Spaniol      jspaniol@munckwilson.com

Kristina Doan Gruenberg      kgruenberg@bwslaw.com

Rebecca Jo Smith      rsmith@fmglaw.com, erubio@fmglaw.com

Shelley G Hurwitz      shelley.hurwitz@hklaw.com, gloria.hoshiko@hklaw.com

Sidney Christopher Winter      kw@winterlaw.us

Susan E Coleman      scoleman@bwslaw.com, dwetters@bwslaw.com, tmehra@bwslaw.com

Walter A Herring      dperkins@munckwilson.com

William E Ireland      wireland@hbblaw.com, cdraper@hbblaw.com, jdekhtyar@hbblaw.com,
mlopez@hbblaw.com

**2:17-cv-05588-CAS-PLA Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\Declaration of Anthony Oliver.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/8/2017] [FileNumber=24181717-0]
[6ab57f94e734ffab4af64ffa979444046c3979cec05731366ae35f28953b05a0e5f6
348a3fa6048743fc39d5a207297d4d7720ac134bfe967b81ee8bf958af01]]

# EXHIBIT B

1   Susan E. Coleman (SBN 171832)
E-mail:  scoleman@bwslaw.com
2   Kristina Doan Gruenberg (268188)
E-mail:  kgruenberg@bwslaw.com
3   BURKE, WILLIAMS & SORENSEN, LLP
4   444 South Flower Street, Suite 2400
Los Angeles, CA  90071-2953
5   Tel:  213.236.0600       Fax: 213.236.2700
6
7   Attorneys for Defendant
ALCOHOL MONITORING SYSTEMS, INC.
8

J. Alan Frederick (SBN 61170)
Email: alanfrederick@mrfflaw.net
Paul J. Whitfield (SBN 241651)
Email: paulwhitfield@mrfflaw.net
MARRONE, ROBINSON, FREDERICK & FOSTER
111 N. 1st St. Suite 209
Burbank, CA 91502
Tel: 818.841.1144  Fax: 818.841.0746

Attorneys for Defendant
SCRAM OF CALIFORNIA, INC.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12   ROSEANNE HANSEN, on behalf of herself and all others similarly situated;
13   JENNIFER OH, on behalf of herself and all others similarly situated;
14   LINDA SOLTIS, on behalf of herself and all others similarly situated;
15   BROOKE HOFFMAN, on behalf of herself and all others similarly situated;
16   PATRICK GUERRERO, on behalf of himself and all others similarly
17   situated; MICAH BAILEY, on behalf of himself and all others similarly
18   situated; CHRISTINABOHNSTEDT, on behalf of herself and all others
19   similarly situated,

20                    Plaintiffs,

21   v.

22   SCRAM OF CALIFORNIA, INC. a California Corporation; ALCOHOL
23   MONITORING SYSTEMS, INC., a Delaware Corporation; and DOES 1
24   through 10, inclusive,

25                    Defendants.

26

Case No.  2:17-cv-01474-CAS-PLA

**DEFENDANTS' SUPPLEMENTAL RULE 26(F) CONFERENCE REPORT**

Judge:  Christina A. Snyder

Date:         September 18, 2017
Time:         10:00 a.m.
Court:        8D

27            **TO THE HONORABLE CHRISTINA A. SNYDER:**

28            Defendants ALCOHOL MONITORING SYSTEMS, INC. ("AMS") and

1  SCRAM OF CALIFORNIA, INC. ("SCRAM") (collectively referred herein as

2  "Defendants") hereby submit the following supplemental Rule 26(f) Conference

3  report in order to address matters affecting the parties' ability to litigate this case at

4  the scheduling conference.

5  **O.   Other Issues:**

6  Defendants bring to the Court's attention escalating harassment that they

7  have endured from Anthony Oliver, who works for Plaintiffs' counsel Edwin

8  Aimufua.  Plaintiffs' counsel has indicated that he is using Mr. Oliver as his process

9  server (Gruenberg Decl. ¶ 3), and Mr. Oliver recently submitted a declaration in the

10  related case *Jennifer Oh, et al., v. SCRAM of California, et al.* (Case No. 17-CV-

11  05588-CAS-PLA) (hereinafter referred to as the "*Oh* case") confirming that he is

12  working for Mr. Aimufua.  (Gruenberg Decl., Exh. H (*Oh* Doc. #75, Oliver Decl. ¶

13  2 ).)

14  As outlined more fully in the declaration of defense counsel, Defendant AMS

15  had concerns that Mr. Oliver was improperly holding himself out to be a paralegal

16  to recruit class members in this matter, and pretending to be a U.S. Marshall in the

17  related *Oh* case. (Gruenberg Decl. at ¶¶ 2-6.)  After defense counsel raised this with

18  Plaintiffs' counsel Mr. Aimufua, Mr. Oliver then filed a frivolous lawsuit against

19  Defendant AMS and defense counsel Coleman, Gruenberg, and Whitfield in the

20  state of Florida alleging that defense counsel threatened him with bodily harm and

21  defamed him. (*Id*. at ¶ 8; Whitfield Decl. ¶ 2[1].)  Mr. Oliver's process server

22  threatened to come to Ms. Coleman's home at 3 a.m. to effectuate service of the

23  Florida lawsuit. (Gruenberg Decl. at ¶ 9.)

24  Further, on August 31, 2017, Mr. Oliver filed a frivolous bar complaint

25  against defense counsel Coleman and Gruenberg solely on the grounds that they

26  appeared in a case where AMS had not yet been served. (*Id*. at ¶ 10.)  On the night

27

28  [1] Defense counsel Whitfield's Declaration is filed concurrently.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4812-2136-5583 v1                                     - 2 -                      2:17-CV-01474-CAS-PLA
DEFTS' SUPPLEMENTAL 26(F) REPORT

1   of September 8, 2017, Mr. Oliver sent several profanity-laced, misogynistic emails

2   to defense counsel Coleman and Gruenberg. (*Id*. at ¶ 13, Exh. I.)

3       Defendants believe that these actions have been solely taken to harass,

4   intimidate, and interfere with defense counsel's ability to litigate this matter and the

5   conduct has been getting progressively worse as this case continues.  Defendants

6   and defense counsel have had to spend a considerable amount of time and resources

7   dealing with Mr. Oliver's escalating harassment.  (*Id*. at ¶ 16.)

8       Mr. Oliver has previously filed lawsuits against defendants AMS and

9   SCRAM.  He has been declared a vexatious litigant and been warned by the courts

10   not to hold himself out as an attorney. (*Id*. at ¶¶ 14-15, Exhs. J-L.)  Further,

11   Plaintiffs' counsel filed a declaration by Mr. Oliver in the *Oh* case, where Mr.

12   Oliver states that he has been "directing" the *Oh* class action lawsuit. (*Id*. at ¶ 11,

13   Exh. H.)  The two remaining Plaintiffs in this case were also Plaintiffs in the *Oh*

14   case.  This raises serious questions about whether Mr. Oliver is also directing and

15   controlling this case to circumvent his vexatious litigant status, whether Plaintiffs'

16   counsel is qualified to act as class counsel, and whether the deadline for class action

17   status should be gratuitously extended now that it has expired.

18       Defense counsel's attempts to speak with Plaintiffs' counsel about Mr. Oliver

19   have not been productive, and have seemed only appeared to make the situation

20   worse.  Thus, the Court's intervention is necessary for the parties to be able to

21   proceed with this case. (Gruenberg Decl. ¶ 17.)

22       Therefore, in light of Mr. Oliver's harassment and impact that it has on the

23   parties' ability to litigate this case, Defendants request that the Court order

24   Plaintiffs' counsel to do the following: 1) remove Mr. Oliver

25   (sweetmarine26@aol.com) from ECF notifications in this case, and 2) instruct Mr.

26   Oliver to immediately cease his harassing conduct.  Attorneys have "a personal

27   duty to obey the State Bar Act and Rules of Professional Conduct and to reasonably

28   supervise their agents and employees to that end."  *In the Matter of Scapa and*

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4812-2136-5583 v1                - 3 -                2:17-CV-01474-CAS-PLA
DEFTS' SUPPLEMENTAL 26(F) REPORT

1   *Brown* (Review Dept. 1993) 2 Cal. State Bar Ct. Rptr. 635, 648.

2       Defense counsel is ready and willing to discuss this matter further at the time

3   of the Scheduling Conference, if desired.

4

5   Dated:  September 11, 2017      BURKE, WILLIAMS & SORENSEN, LLP

6

7                By:  /s/ Kristina Doan Gruenberg

8                    Susan E. Coleman
                    Kristina Doan Gruenberg[2]

9                Attorneys for Defendant
                ALCOHOL MONITORING SYSTEMS,

10               INC.

11

12   Dated:  September 11, 2017      MARRONE, ROBINSON, FREDERICK &
13                FOSTER, A Professional Corporation

14

15                By:  /s/ Paul J. Whitfield
16                  J. Alan Frederick
                  Paul J. Whitfield

17                Attorneys for Defendant,
                SCRAM OF CALIFORNIA, INC.

18

19

20

21

22

23

24

25

26

27

28

---

[2] As the filer of this pleading, I, Kristina Doan Gruenberg, attest that Paul Whitfield concurs in the content of the brief and has authorized its filing.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4812-2136-5583 v1      - 4 -      2:17-CV-01474-CAS-PLA
DEFTS' SUPPLEMENTAL 26(F) REPORT

1   Susan E. Coleman (SBN 171832)
    E-mail:  scoleman@bwslaw.com
2   Kristina Doan Gruenberg (268188)
    E-mail:  kgruenberg@bwslaw.com
3   BURKE, WILLIAMS & SORENSEN, LLP
    444 South Flower Street, Suite 2400
4   Los Angeles, CA  90071-2953
    Tel:  213.236.0600      Fax:  213.236.2700
5
    Attorneys for Defendant
6   ALCOHOL MONITORING SYSTEMS, INC.

7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  ROSEANNE HANSEN, on behalf of           Case No.  2:17-cv-01474-CAS-PLA
    herself and all others similarly situated;
12  JENNIFER OH, on behalf of herself        **DECLARATION OF K.**
    and all others similarly situated;       **GRUENBERG IN SUPPORT OF**
13  LINDA SOLTIS, on behalf of herself       **DEFENDANTS' SUPPLEMENTAL**
    and all others similarly situated;       **RULE 26(F) CONFERENCE**
14  BROOKE HOFFMAN, on behalf of             **REPORT**
    herself and all others similarly situated;
15  PATRICK GUERRERO, on behalf of           Judge:  Christina A. Snyder
    himself and all others similarly
16  situated; MICAH BAILEY, on behalf
    of himself and all others similarly
17  situated; CHRISTINABOHNSTEDT,
    on behalf of herself and all others
18  similarly situated,

19              Plaintiffs,

20  v.

21  SCRAM OF CALIFORNIA, INC. a
    California Corporation; ALCOHOL
22  MONITORING SYSTEMS, INC., a
    Delaware Corporation; and DOES 1
23  through 10, inclusive,

24              Defendants.

25

26       I, KRISTINA DOAN GRUENBERG, declare as follows:

27       1.     I am an attorney at law duly authorized to practice before all the courts

28  of the State of California.  I am also authorized to practice in United States District

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4843-5936-0335 v1          - 1 -          2:17-CV-01474-CAS-PLA
                                              GRUENBERG DECL. SUPPL 26(F) REPORT

1    Court, Central District of California.  I am a partner in the law firm of Burke,

2    Williams and Sorensen, LLP, attorneys of record herein for defendant ALCOHOL

3    MONITORING SYSTEMS, INC.  I am completely familiar with all the files, facts

4    and pleadings in this case, and, if called upon as a witness, I could and would

5    competently testify to the following facts based upon my own personal knowledge

6    or based upon information and belief.

7            2.      On August 8, 2017, I sent Plaintiffs' counsel, Mr. Aimufua, an email

8    asking him whether Anthony Oliver was working for his office, and whether he was

9    a certified paralegal.  I informed Mr. Aimufua that there were online postings where

10   Mr. Oliver indicated that he was Mr. Aimufua's paralegal and that he was recruiting

11   class members for this lawsuit.  Attached as Exhibit "A" is a true and accurate copy

12   of my August 8, 2017 email correspondence.

13           3.      On August 10, 2017, Plaintiff's counsel called me to ask for a 45-day

14   extension to respond to Defendants' Motion to Dismiss.  I informed him that

15   Defendants would not agree to this, and I told Mr. Aimufua that he never responded

16   to my inquiry about whether Mr. Oliver was working as his paralegal.  Mr.

17   Aimufua said he did not respond to my request because he did not believe that it

18   was relevant.  I informed Mr. Aimufua that it was relevant because it would be

19   improper for Mr. Oliver to recruit class members for this case based on the false

20   premise that he was a paralegal.  I informed Mr. Aimufua that Mr. Oliver has

21   already been admonished by the courts for insinuating that he was an attorney.  Mr.

22   Aimufua said that Mr. Oliver was not his paralegal but that he was using him as a

23   process server.  He asked me for a copy of the website posting.

24           4.      Following our phone conversation, I sent Mr. Aimufua an email with

25   the website where Mr. Oliver had indicated that he was Mr. Aimufua's paralegal.

26   The youtube link is: https://www.youtube.com/watch?v=onYy35-xvvk.  Attached

27   as Exhibit "B" is a true and accurate copy of the August 10, 2017 email.

28           5.      On August 21, 2017, I sent Mr. Aimufua a copy of the business card

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4843-5936-0335 v1                - 2 -            2:17-CV-01474-CAS-PLA
                                                     GRUENBERG DECL. SUPPL 26(F) REPORT

1   that one of AMS' regional service providers received, indicating that Mr. Oliver

2   was describing himself as Mr. Aimufua's paralegal. Attached as Exhibit "C" is a

3   true and accurate copy of the August 21, 2017 email.

4         6.     On August 23, 2017, I sent Mr. Aimufua an email indicating Mr.

5   Oliver was holding himself out to be a U.S. Marshal and threatening people with

6   fines in order to effectuate service in the related *Oh* case. I indicated that because

7   there is no record that Mr. Oliver is a paralegal or a U.S. Marshal, these

8   representations were improper and potentially unlawful. I asked Mr. Aimufua to

9   instruct Mr. Oliver to cease his false representations immediately. Attached as

10  Exhibit "D" is a true and accurate copy the August 23, 201 email.

11        7.     That day, Mr. Aimufua informed me that he forwarded my email to

12  Mr. Oliver. Mr. Aimufua asked me if I would be available to meet and confer

13  about the related *Oh* case and the fact that AMS had not been served. I returned

14  Mr. Aimufua's phone call where I explained that there were no rules prohibiting

15  AMS from voluntarily appearing since they were named as a Defendant. I asked

16  Mr. Aimufua if he would dismiss AMS and he said he would not.

17        8.     On August 23, 2017, immediately following my phone call with

18  Plaintiffs' counsel, I was personally served with the lawsuit *Anthony Oliver v.*

19  *SCRAM of California, et al.,* Civil Action No: 16-2017-CA-5293. This lawsuit,

20  which was filed in Duval County, Florida, alleges that Susan Coleman, Paul

21  Whitfield, and I threatened Mr. Oliver with bodily harm and defamed him. AMS

22  and SCRAM of California are also named as defendants. These allegations are

23  patently false, and Ms. Coleman and I had to retain a Florida attorney to challenge

24  jurisdiction and vigorously defend against these frivolous allegations. Attached as

25  Exhibit "E" is a true and correct copy of this lawsuit.

26        9.     I was served at my firm's Orange County office, and Mr. Oliver's

27  process server sent her an email indicating that he would come to her home at 3:00

28  a.m. to serve her. Attached as Exhibit "F" is a true and accurate copy of the email.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4843-5936-0335 v1      - 3 -      2:17-CV-01474-CAS-PLA
GRUENBERG DECL. SUPPL 26(F) REPORT

1    10.    On August 28, 2017, Mr. Aimufua emailed me to "meet and confer"

2    once again about the fact that AMS had filed a notice of appearance in the related

3    *Oh* case even though AMS had not been served.

4    11.    On August 31, 2017, Ms. Coleman and I received an email with a copy

5    of a state bar complaint that was filed by Anthony Oliver on that date.  It appears

6    that the bar complaint is based on the fact that Ms. Coleman and I filed notices of

7    appearance on behalf of Defendant AMS in the *Oh* case before AMS was served.

8    Attached as Exhibit "G" is a true and accurate copy of the bar complaint.

9    12.    On September 8, 2017, Plaintiffs' counsel filed a declaration on behalf

10    of Anthony Oliver in the related *Oh* case. (*Oh* Doc. #75.)  The declaration confirms

11    1) that Mr. Oliver works for Mr. Aimufua; 2) Mr. Oliver has filed a bar complaint

12    against myself and Ms. Coleman simply for appearing in a case before AMS was

13    formally served; 3) Mr. Aimufua knows about the bar complaint; and 4) Mr. Oliver

14    is the driving force behind the *Oh* class action lawsuit.  Specifically, Mr. Oliver's

15    declaration states:

16    > I have instructed Mr. Edwin I. Aimufua, Esq., to dismiss
17    > this action without prejudice, and that I would pay all
        > costs associated with refiling it in the district of
18    > Colorado. Several days ago, I also tipped off Colorado
        > based AMS attorney James Dallner, and Phillip Lorenzo
19    > about a potential dismissal without prejudice so that these
        > two lawyers, who just formed their own law firm, can ask
20    > that AMS allow them to represent AMS in Colorado. I
        > will pay for all fess that are associated with refiling this
21    > case in Colorado.

22    Oliver Decl. ¶ 16.  Attached as Exhibit "H" is a true and accurate copy of the

23    declaration filed in the related *Oh* case.

24    13.    Shortly after this declaration of Anthony Oliver was filed, the *Oh* case

25    was voluntarily dismissed.

26    14.    The same evening, on September 8, 2017, Mr. Oliver sent Ms.

27    Coleman and me several harassing and profanity-laced, misogynistic emails.

28    Attached as Exhibit "I" are true and accurate copies of the emails that Susan

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4843-5936-0335 v1          - 4 -          2:17-CV-01474-CAS-PLA
GRUENBERG DECL. SUPPL 26(F) REPORT

1    Coleman and I received.

2         15.    Mr. Oliver has previously sued AMS and Scram of California.  *Oliver*

3    *v. AMS, et al*, Case no. 37-2016-00031893-CU-PL-CTL, San Diego Superior Court

4    Judge Sturgeon issued a tentative ruling on March 17, 2017 requiring Plaintiff to

5    furnish security in the amount of $75,000 for Defendant Scram of California, and

6    $75,000 for Defendant AMS.  The Court noted that Mr. Oliver has been previously

7    declared as a vexatious litigant by the San Bernardino Superior Court.  The Court

8    also noted that although Plaintiff was "represented by counsel, defendant has raised

9    issues whether counsel is actually independent of his client due to questionable

10   prior practices by plaintiff."  The tentative was adopted, and the case was dismissed

11   after Mr. Oliver failed to furnish security.  Attached as Exhibit "J" is a true and

12   accurate copy of the tentative order issued by Judge Sturgeon, and attached as

13   Exhibit "K" is a true and accurate copy of the order issued by San Bernardino

14   County in SMCVS 1300943 declaring Mr. Oliver to be a vexatious litigant.

15        16.    In *Oliver v. Scram of California, et al.,* Case No. 16-cv-1193-LAB,

16   District Court Judge Larry Burns issued an admonition to Mr. Oliver on July 12,

17   2016, warning Mr. Oliver not to hold himself out as an attorney.  The Court noted

18   that this was significant because Mr. Oliver brought this as a class action and was

19   attempting to represent the class members.  Attached as Exhibit "L" is a true and

20   accurate copy of the court order.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4843-5936-0335 v1                - 5 -                2:17-CV-01474-CAS-PLA
                                                         GRUENBERG DECL. SUPPL 26(F) REPORT

17.     AMS, Ms. Coleman, and I have had to spend a considerable amount of time and resources dealing with Mr. Oliver's escalating harassment.  Our attempts to speak with Plaintiffs' counsel about Mr. Oliver have not been productive, and have appeared to only make the situation worse.  Therefore, I believe that the Court's intervention is necessary for the parties to proceed with this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 11th day of September, 2017, at Santa Ana, California.


/s/ Kristina Doan Gruenberg
Kristina Doan Gruenberg

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4843-5936-0335 v1                                     - 6 -                    2:17-CV-01474-CAS-PLA
                                                                                  GRUENBERG DECL. SUPPL 26(F) REPORT

# EXHIBIT A

| | |
|---|---|
| **From:** | Gruenberg, Kristina D. |
| **Sent:** | Tuesday, August 08, 2017 9:44 AM |
| **To:** | eia@aimfualaw.com |
| **Cc:** | Coleman, Susan E.; Alan Frederick (alanfrederick@mrfflaw.net); paulwhitfield@mrfflaw.net |
| **Subject:** | Hansen v. AMS et al: Anthony Oliver |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Dear Mr. Aimufua:

We are writing to inquire about Anthony Oliver's involvement in your office, and with the Hansen cases (Case Nos. 2:17-cv-01474-CAS, 2:17-cv-05588-CAS.)

Based on online postings, Mr. Oliver has indicated that he is a paralegal for your firm and is recruiting class members for the Hansen cases.  We understand that you have represented Plaintiff in the past on several matters.  Please confirm whether or not Mr. Oliver is working for your office, and if so, whether he is a certified paralegal.

Thank you,
Kristina


Kristina Doan Gruenberg | Partner
1851 East First Street, Suite 1550 | Santa Ana, CA  92705-4067
d - 213.236.2805 | t - 949.863.3363 | f - 949.863.3350
kgruenberg@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

EXHIBIT B

| | |
|---|---|
| **From:** | Gruenberg, Kristina D. |
| **Sent:** | Thursday, August 10, 2017 12:18 PM |
| **To:** | eia@aimufualaw.com |
| **Cc:** | paulwhitfield@mrfflaw.net; Alan Frederick (alanfrederick@mrfflaw.net); Coleman, Susan E. |
| **Subject:** | RE: Hansen v. AMS extension |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Dear Mr. Aimufua,

Per your request, here is the one of the websites I mentioned where Anthony Oliver has indicated that he is working as your paralegal.

https://www.youtube.com/watch?v=onYy35-xvvk

---

**From:** Gruenberg, Kristina D.
**Sent:** Thursday, August 10, 2017 9:56 AM
**To:** eia@aimufualaw.com
**Cc:** paulwhitfield@mrfflaw.net; Alan Frederick (alanfrederick@mrfflaw.net); 'Coleman, Susan E. (SColeman@bwslaw.com)'
**Subject:** RE: Hansen v. AMS extension

Mr. Aimufua,

Even though Defendants agreed to an extension until this Friday, we informed you that you would need to prepare a stipulation for our review and signature.

As you should well know from litigating this matter before the Court, you are required to file a stipulation or ex parte application seeking leave from the court for any extension of time. You have not done either. Your opposition is therefore overdue, and you have continued to create logistical burdens for Defendants who's reply is currently due Monday. Please inform us of whether you were filing an opposition, and if so, why you have not properly sought permission from the Court.

Further, you have failed to respond to our inquiry as to whether Anthony Oliver is working for your office, and if so, whether he is a certified paralegal. Please respond to our request.

Kristina Doan Gruenberg | Partner
1851 East First Street, Suite 1550 | Santa Ana, CA  92705-4067
d - 213.236.2805 | t - 949.863.3363 | f - 949.863.3350
kgruenberg@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Gruenberg, Kristina D.
**Sent:** Monday, August 07, 2017 11:56 AM
**To:** eia@aimufualaw.com
**Cc:** paulwhitfield@mrfflaw.net; Alan Frederick (alanfrederick@mrfflaw.net); 'Coleman, Susan E. (SColeman@bwslaw.com)'
**Subject:** Hansen v. AMS extension

Mr. Aimufua,

AMS and SCRAM have discussed this matter, and we are agreeable to providing you an extension until Friday August 11, 2017.

We are trying to be mindful of the schedule in this case and the Court, who extended the scheduling conference until September 18, 2017 (based on your insistence that you wouldn't agree to more time beyond then). We also believe that an extension may not have been necessary had you met and conferred with us about the Second Amended Complaint, which we tried to do numerous times without any response.

Please prepare a stipulation for our review and signature.

Thank you,
Kristina

**Kristina Doan Gruenberg | Partner**
1851 East First Street, Suite 1550 | Santa Ana, CA  92705-4067
d - 213.236.2805 | t - 949.863.3363 | f - 949.863.3350
kgruenberg@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

EXHIBIT C

| | |
|---|---|
| **From:** | Gruenberg, Kristina D. |
| **Sent:** | Monday, August 21, 2017 12:58 PM |
| **To:** | eia@aimufualaw.com |
| **Cc:** | paulwhitfield@mrfflaw.net; Alan Frederick (alanfrederick@mrfflaw.net); Coleman, Susan E. |
| **Subject:** | RE: Hansen v. AMS extension |
| **Attachments:** | Calling Card of Anthony Oliver - Law offices of Edwin Aimufua.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Dear Mr. Aimufua,

On our prior telephone call, you requested a copy of the business cards that Mr. Oliver was handing out because you indicated that Mr. Oliver was not working as a paralegal for your office. Here is a copy that we obtained.

Kristina

**From:** Gruenberg, Kristina D.
**Sent:** Thursday, August 10, 2017 12:18 PM
**To:** eia@aimufualaw.com
**Cc:** paulwhitfield@mrfflaw.net; Alan Frederick (alanfrederick@mrfflaw.net); 'Coleman, Susan E. (SColeman@bwslaw.com)'
**Subject:** RE: Hansen v. AMS extension

Dear Mr. Aimufua,

Per your request, here is the one of the websites I mentioned where Anthony Oliver has indicated that he is working as your paralegal.

https://www.youtube.com/watch?v=onYy35-xvvk

**From:** Gruenberg, Kristina D.
**Sent:** Thursday, August 10, 2017 9:56 AM
**To:** eia@aimufualaw.com
**Cc:** paulwhitfield@mrfflaw.net; Alan Frederick (alanfrederick@mrfflaw.net); 'Coleman, Susan E. (SColeman@bwslaw.com)'
**Subject:** RE: Hansen v. AMS extension

Mr. Aimufua,

Even though Defendants agreed to an extension until this Friday, we informed you that you would need to prepare a stipulation for our review and signature.

As you should well know from litigating this matter before the Court, you are required to file a stipulation or ex parte application seeking leave from the court for any extension of time. You have not done either. Your opposition is therefore overdue, and you have continued to create logistical burdens for Defendants who's reply is currently due

Monday. Please inform us of whether you were filing an opposition, and if so, why you have not properly sought permission from the Court.

Further, you have failed to respond to our inquiry as to whether Anthony Oliver is working for your office, and if so, whether he is a certified paralegal. Please respond to our request.

**Kristina Doan Gruenberg | Partner**
1851 East First Street, Suite 1550 | Santa Ana, CA  92705-4067
d - 213.236.2805 | t - 949.863.3363 | f - 949.863.3350
kgruenberg@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Gruenberg, Kristina D.
**Sent:** Monday, August 07, 2017 11:56 AM
**To:** eia@aimufualaw.com
**Cc:** paulwhitfield@mrfflaw.net; Alan Frederick (alanfrederick@mrfflaw.net); 'Coleman, Susan E. (SColeman@bwslaw.com)'
**Subject:** Hansen v. AMS extension

Mr. Aimufua,

AMS and SCRAM have discussed this matter, and we are agreeable to providing you an extension until Friday August 11, 2017.

We are trying to be mindful of the schedule in this case and the Court, who extended the scheduling conference until September 18, 2017 (based on your insistence that you wouldn't agree to more time beyond then). We also believe that an extension may not have been necessary had you met and conferred with us about the Second Amended Complaint, which we tried to do numerous times without any response.

Please prepare a stipulation for our review and signature.

Thank you,
Kristina

**Kristina Doan Gruenberg | Partner**
1851 East First Street, Suite 1550 | Santa Ana, CA  92705-4067
d - 213.236.2805 | t - 949.863.3363 | f - 949.863.3350
kgruenberg@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

Case 1:17-cv-02286-RBJ   Document 42-1   Filed 10/13/17   USDC Colorado   Page 36 of 87
Case 2:17 cv 01474 CAS PLA   Document 63 2   Filed 09/11/17   Page 10 of 52   Page ID
#:853



# LAW OFFICES OF EDWIN I. AIMUFUA

Everything you do, do it in gods name.

ANTHONY OLIVER, CHIEF PARALEGAL
Anthony.oliver29@rocketmail.com
Direct Cell # (818) 624-2504
Tel. (818) 855-1118
Fax. (818) 855-1119

Edwin I. Aimufua, Esq.
17000 Ventura Blvd, Suite # 201
Encino, California 91316
www.aimufualaw.com

Case 1:17-cv-02286-RBJ   Document 42-1   Filed 10/13/17   USDC Colorado   Page 37 of 87
Case 2:17-cv-01474-CAS-PLA   Document 63-2   Filed 09/11/17   Page 11 of 52   Page ID
#:854

EXHIBIT D

Case 1:17-cv-02286-RBJ   Document 42-1   Filed 10/13/17   USDC Colorado   Page 38 of 87
Case 2:17-cv-01474-CAS-PLA   Document 63-2   Filed 09/11/17   Page 12 of 52   Page ID
#:855

| | |
|---|---|
| **From:** | Gruenberg, Kristina D. |
| **Sent:** | Wednesday, August 23, 2017 11:44 AM |
| **To:** | eia@aimufualaw.com |
| **Cc:** | Coleman, Susan E. |
| **Subject:** | Jennifer Oh, et al. v. SCRAM of California, et al. |
| **Attachments:** | Calling Card of Anthony Oliver - Law offices of Edwin Aimufua.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Dear Mr. Aimufua,

I am writing to follow-up on our conversation last week in which you indicated that you would think about the grounds for dismissal we outlined in our meet and confer letter for the newly filed Jennifer Oh v. SCRAM lawsuit. You indicated that you would call me on Monday or Tuesday, and I have not yet heard from you.

I am also providing you notice that we have been informed that Anthony Oliver has been holding himself out to be a US Marshall and threatening people with fines in order to effectuate service of the Oh Complaint. We informed you last week that, on separate occasions, Mr. Oliver has represented that he is your paralegal and handed out business cards indicating the same (which again is attached).

In our prior phone calls, you have indicated that Mr. Oliver is helping you serve papers in this case. Therefore, because Mr. Oliver is acting as your agent, we ask that you inform Mr. Oliver to cease his false representations immediately. There is no record that Mr. Oliver is a paralegal or US Marshall—therefore these representations are wholly improper and potentially unlawful.

Please let me know whether Plaintiffs plan on proceeding with the Oh case, and if you have any other questions.

Kristina Doan Gruenberg | Partner
1851 East First Street, Suite 1550 | Santa Ana, CA  92705-4067
d - 213.236.2805 | t - 949.863.3363 | f - 949.863.3350

kgruenberg@bwslaw.com | vCard | bwslaw.com


BURKE, WILLIAMS & SORENSEN, LLP

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.



# LAW OFFICES OF EDWIN I. AIMUFUA

Everything you do, do it in gods name.

ANTHONY OLIVER, CHIEF PARALEGAL
Anthony.oliver29@rocketmail.com
Direct Cell # (818) 624-2504
Tel. (818) 855-1118
Fax. (818) 855-1119

Edwin I. Aimufua, Esq.
17000 Ventura Blvd, Suite # 201
Encino, California 91316
www.aimufualaw.com

Case 1:17-cv-02286-RBJ   Document 42-1   Filed 10/13/17   USDC Colorado   Page 40 of 87
Case 2:17-cv-01474-CAS-PLA   Document 63-2   Filed 09/11/17   Page 14 of 52   Page ID
#:857

EXHIBIT E



**RONNIE FUSSELL**
Clerk of the Circuit Court

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CIVIL ACTION NO.: 16-2017-CA-5293
DIVISION:    CV-A

8-23-17    3:35 PM

PSC 5014

Anthony Oliver

vs.                                    Plaintiff(s)

Scram of California, Inc.
                  Defendant(s)

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant(s)

Kristina Doan Gruenberg
444 S. Flower St #2400
Los Angeles, CA 90071

Each defendant is required to serve written defenses to the complaint or petition on plaintiffs attorney, whose name and address is

Anthony Oliver
7306 GA Highway 21 #101-Box 187
Port Wentworth, GA 31407

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded 'in the complaint or petition.

WITNESS my hand and the seat of this Court on    AUG 21 2017

RONNIE FUSSELL
CLERK OF THE CIRCUIT COURT

By: _____
          Deputy Clerk

COPY

FILED

AUG 21 2017

*[signature]*
CLERK CIRCUIT COURT

1  Anthony Oliver., SBN # PENDING
2  7306 GA Highway 21, # 101 – Box 187
   Port Wentworth, Georgia 31407
   (818) 624-2504 (Telephone)
3  (818) 855-1101 (Facsimile)
   Anthony.oliver29@rocketmail.com
4

5  *Plaintiff Appearing Pro Se*

6

7  **IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT**

8  **IN AND FOR DUVAL COUNTY**

9  **STATE OF FLORIDA**

10

11  ANTHONY OLIVER, an individual,                        )  Case No.: 16-2017-CA-6293
                                                          )             CV-A
12                               Plaintiff,               )
                                                          )  **PLAINTIFFS CLASS CIVIL**
13  vs.                                                   )  **RIGHTS COMPLAINT FOR**
                                                          )  **DAMAGES**
14  SCRAM OF CALIFORNIA, Inc., a California               )
    Corporation; ALCOHOL MONITORING            )
15  SYSTEMS, INC., a Delaware Corporation;               )  **DEMAND FOR JURY**
    SUSAN ELAINE COLEMAN, an individual        )  **TRIAL**
16  capacity; PAUL JOSEPH WHITFIELD, an          )
    individual; KRISTINA DOAN GRUENBERG,  )
17  individual capacity;                                     )
                                                          )
18                               Defendants.              )
                                                          )
19                                                        )

20

21

22

23

24

25

26

27

28

-1-
PLAINTIFFS' COMPLAINT FOR DAMAGES

1    Plaintiff **ANTHONY OLIVER** through undersigned counsel, files suit
2    against Defendants, Scram of California, Inc., Alcohol Monitoring Systems, Inc.,
3    Susan Elaine Coleman, Paul Joseph Whitfield, Kristina Doan Gruenberg, and also
4    alleges the following:

5
6                    **PARTIES, JURISDICTION, AND VENUE**
7                                   **Parties**
8        1.      Plaintiff ANTHONY OLIVER (hereinafter "Plaintiff") at all relevant
9    times is a resident of the City of Jacksonville, County of Duval, Florida. Plaintiff
10   also holds residency in the State of Georgia and South Carolina.
11       2.      Defendant SCRAM OF CALIFORNIA, INC (herein "**SCRAM**") is a
12   corporation organized under the laws of California, with its principal place of
13   business at 402 West Broadway, # 400, San Diego, California 92101.
14       3.      Defendant ALCOHOL MONITORING SYSTEMS, INC (herein
15   "**AMS**") is a corporation organized under the laws of California, with its principal
16   place of business at 402 West Broadway, # 400, San Diego, California 92101.
17       4.      Defendant SUSAN ELAINE COLEMAN ("**COLEMAN**") is a
18   resident of the City of Long Beach, County of Los Angeles, California.
19       5.      Defendant PAUL JOSEPH WHITFIELD ("**WHITFIELD**") is a
20   resident of the City of North Hollywood, County of Los Angeles, California.
21       6.      Defendant KRISTINA DOAN GRUENBERG ("**GRUENBERG**") is
22   a resident of the City of Irvine, County of Orange, California.

23
24
25
26
27
28

PLAINTIFFS' COMPLAINT FOR DAMAGES

## Jurisdiction and Venue

7.     This Court is vested with jurisdiction over the Defendant because the Defendant conducts and all relevant injury occurred to Plaintiff within the State of Florida and in this county and is organized under the laws of Florida.

8.     Plaintiff has suffered damages in excess of $15,000.00.

9.     Venue of this action is proper in Duval County under Florida Statutes § 47.051 because a significant act or omission arose in this county, the Defendant's the injury here and at least two of the Defendants does business here in this county.

## FACTS

10.     Defendants SCRAM and AMS are inventors and distributors of what is called the secure continuous remote alcohol monitor, ("SCRAM Device") that is identical to that of a GPS ankle monitor that most all sex offenders wear. The only difference is that the SCRAM Device can detect the presence of alcohol through the wearers sweat level. The SCRAM Device then sends a report to its creator in Colorado, AMS.

11.     Once a report, all of which are false are obtained by AMS, the report is then transmitted to SCRAM who in turns sends the report to the Court to indicate that the person wearing the SCRAM Device is flawed.

12.     Nearly a year ago, Plaintiff was locked into litigation with SCRAM and AMS after Plaintiff took part of heavy litigation and Plaintiff discovered numerous flaws within the manufacturing of the SCRAM Device. Plaintiff was threatened with death, bodily harm, and permanent injury by the rouge attorneys that SCRAM and AMS hired. Defendants COLEMAN, WHITFIELD and GRUENBERG were retained by SCRAM and AMS to do whatever it took to take the Plaintiff down and out. Defendants COLEMAN, WHITFIELD, GRUENBERG and other unknown lawyers caused Plaintiff to be placed under surveillance all while Plaintiff had a Summer high-profile lawsuit against the Governor of California, AMS and SCRAM.

Case 1:17-cv-02286-RBJ   Document 42-1   Filed 10/13/17   USDC Colorado   Page 45 of 87
Case 2:17-cv-01474-CAS-PLA   Document 63-2   Filed 09/11/17   Page 19 of 52   Page ID
#:862

13.    During the course of the litigation, Plaintiff was living in the State of Florida. And with the lawsuit pending, the Defendants COLEMAN, WHITFIELD, and other unknown lawyers used threats and intimidation to try and silence the Plaintiff so that word wouldn't get out causing their employer to lose government contracts that are in the millions.

14.    Once Plaintiff filed a federal lawsuit to seek injunctive relief, and other penalties, SCRAM and AMS instructed COLEMAN, WHITFIELD, and other unknown lawyers to "step up" the pressure on the Plaintiff.

15.    Just weeks after Plaintiff filed this federal lawsuit, Plaintiff was pulled over for a DUI traffic warrant. Once the Plaintiff was incarcerated, COLEMAN, WHITFIELD, and other unknown lawyers contacted Plaintiffs Co-Plaintiff James Kyle and used his name to make false statements, told Mr. Kyle that Plaintiff was a "child molestor", and both COLEMAN and WHITFIELD filed false declarations in Court that Plaintiff forged Mr. Kyle's name on a request for dismissal in federal Court. At no time did Mr. Kyle ever tell COLEMAN and WHITFIELD that the Plaintiff signed his name of a request for dismissal.

16.    Thereafter, the federal lawsuit later got dismissed at Plaintiffs request.

17.    Several months later, during the month of August, Plaintiff was hired by an attorney in Los Angeles for a process server job. Shortly after receiving the assignment's, Defendants COLEMAN and GRUENBERG then contacted that the attorney who hired Plaintiff and informed him, which is not true, that Plaintiff is a "active child molester" and "law enforcement is actively searching for him."

18.    Defendants COLEMAN and GRUENBERG knew that this was not true, and made the statement anyways to various attorneys. Defendants, and each of them have made various false accusations, filed affidavits in Court, sent several emails stating this. Defendants knew and had reason to know that Plaintiff would be damaged as a result of their fraud and negligence, but did it anyways given the fact they are attorneys.

19.    At all times relevant, Defendants SCRAM and AMS knew, ratified, and condoned the Defendants defamed statements due to the fact that Plaintiff brought a high-profile class action lawsuit after discovering the SCRAM Device is not as what SCRAM and AMS advertise their equipment. Additionally, Plaintiff began contacting elected officials to expose the Defendants corrupt product.

20.    Upon information and belief, Defendants AMS and SCRAM instructed their employees COLEMAN, WHITFIELD, GRUENBERG, and WHITFIELD.

21.    At all times relevant, Defendants COLEMAN, WHITFIELD, GRUENBERG, and WHITFIELD were acting within scope of their employment with Scram of California, Inc., and Alcohol Monitoring Systems, Inc.

## COUNT I
### Intentional Infliction of Emotional Distress
### Against Susan Coleman, Kristina Gruenberg, and Paul Whitfield

23.    The allegations common to all counts above are hereby incorporated herein by this reference. further would show as follows:

24.    The Defendant, and each of them, their actions were extreme and outrageous beyond all bounds of decency so as to be deemed utterly intolerable in a civilized community and the Defendants intentionally or recklessly caused the Plaintiff to suffer severe emotional distress. The recitation of the Defendant's actions will arouse resentment in an average member of the community and caused him to exclaim "outrageous."

## COUNT II
### Slander Per Se
### Against Susan Coleman, Kristina Gruenberg, and Paul Whitfield

25.    The allegations common to all counts above are hereby incorporated herein by this reference. further would show as follows:

PLAINTIFFS' COMPLAINT FOR DAMAGES

26.   Defendants, using emails, false affidavits, the Courts, has made statements about Plaintiff which are false.

27.   Defendants, communicated to third parties these falsehoods.

28.   Defendants knew such false statement would likely result in material and substantial defamation of Plaintiff and his business that he was entitled to, and the Defendants made these statements anyways.

29.   Defendants false statements imputes to others conducts, characteristics, and/or conditions incompatible with the proper exercise of Plaintiffs lawful business, trade, and/or profession.

## COUNT III

### Respondeat Superior

**Against Scram of California, Inc., and Alcohol Monitoring Systems, Inc.**

30.   The allegations common to all counts above are hereby incorporated herein by this reference. further would show as follows:

31.   In the alternative, Plaintiff asserts, that the Defendants SCRAM and AMS is liable under respondeat superior, for the numerous acts of negligence and gross negligence of their employees Susan Coleman, Kristina Gruenberg, Paul and is further liable for the conduct alleged herein.

32.   As a direct result of the injuries caused by their employees, Plaintiff is entitled to recover general, nominal, and punitive damages.

Case 1:17-cv-02286-RBJ   Document 42-1   Filed 10/13/17   USDC Colorado   Page 48 of 87
Case 2:17-cv-01474-CAS-PLA   Document 63-2   Filed 09/11/17   Page 22 of 52   Page ID
#:865

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff ask for an Order as follows:

    1.    For general and special damages in an amount of $ 50,000;

    2.    For an award of punitive damages against the individual Defendants;

    3.    For costs of suit;

    4.    An award to Plaintiff of such other and further relief as this Court deems just and proper.

Dated:      August 21, 2017      By: _____

                            Anthony Oliver, Plaintiff Pro Se
                            7306 GA Highway 21
                            Port Wentworth, Georgia 31407

## JURY TRIAL DEMANDED

Plaintiffs are entitled to, and demand, a trial by jury pursuant to the Seventh Amendment to the United States Constitution.

Dated:      August 21, 2017      By: _____

                            Anthony Oliver, Plaintiff Pro Se
                            7306 GA Highway 21
                            Port Wentworth, Georgia 31407

PLAINTIFFS' COMPLAINT FOR DAMAGES

Case 1:17-cv-02286-RBJ   Document 42-1   Filed 10/13/17   USDC Colorado   Page 49 of 87
Case 2:17-cv-01474-CAS-PLA   Document 63-2   Filed 09/11/17   Page 23 of 52   Page ID
#:866

# EXHIBIT F

Case 1:17-cv-02286-RBJ   Document 42-1   Filed 10/13/17   USDC Colorado   Page 50 of 87
Case 2:17-cv-01474-CAS-PLA   Document 63-2   Filed 09/11/17   Page 24 of 52   Page ID
#:867

**Subject:**                    FW:


**From:** John Anderson [mailto:john.anderson0311@gmail.com]
**Sent:** Friday, August 25, 2017 3:42 PM
**To:** Coleman, Susan E.
**Subject:**

Since you elected to either run out the door, or just plain lie, I am directing the process server to go to your
home at 3:00 am to serve you. That's AM. Tonight.


Thanks much. John

# EXHIBIT G

# THE STATE BAR OF CALIFORNIA
## CALIFORNIA ATTORNEY COMPLAINT FORM
Read instructions before filling in this form.

Please mail to:     Office of Chief Trial Counsel / Intake Dept., State Bar of California
                    845 South Figueroa Street, Los Angeles, California 90017-2515

**(1) Your contact information:**

Your name:     Anthony Oliver

Your address:     7306 GA Highway 21, # 101-Box 187

Your city, state & zip code:     Port Wentworth, Georgia 31407

Your email address:     Anthony.oliver29@rocketmail.com

Your telephone numbers:

Home (818) 624-2504          Work _____          Cell _____

**(2) Attorney's contact information:** Please provide the name, address and telephone number of the attorney(s) you are complaining about. (NOTE: If you are complaining about more than one attorney, please use a separate form or include on a separate sheet for each attorney the information requested in items #2 through #7.)

Attorney's name:     Susan Coleman, # 171832 / Kristina Gruenberg, # 268188

Attorney's address:     444 South Flower Street, # 2400

Attorney's city, state & zip code:     Los Angeles, CA 90071

Attorney's telephone number:     (213) 236-0600

Attorney's California bar license number:     171832 and 268188

**(3)** Have you or a member of your family complained to the State Bar about this attorney previously?
Yes ☒          No ☐

**(4)** Did you employ the attorney?   Yes ☐          No ☒

If "Yes," give the approximate date you employed the attorney and the amount, if any, paid to the attorney.

Date employed: _____          Amount paid (if any): $ _____

If "No," what is your connection with the attorney(s)? Explain briefly.

I was the case process server and a concerned citizen of the community and just happen to be checking PACER.GOV and notice that these two clowns filed notice of appearances in a federal case where the client was never served. I notified the federal Court, and also filing a declaration in the Court as well and sending copies of this complaint and exhibits to all lawyers in various cases.

**(5)** Include with this form (on a separate piece of paper) a statement of what the attorney(s) did or did not do that is the basis of your complaint. Please state the facts as you understand them. Do not include opinions or arguments. If you employed the attorney(s), state what you employed the attorney(s) to do. Sign and date each separate piece of paper. Additional information may be requested. (Attach copies of pertinent documents such as a copy of the fee agreement, cancelled checks or receipts, and relevant correspondence.)

**(6)** If your complaint is about a lawsuit, answer the following, if known:

a. Name of court (For example, Superior Court and name of the county)

United States District Court, Central District of California

b. Title of the suit (For example, Smith v. Jones)

Jennifer Oh, et al., v. Scram of California, Inc., et al

c. Case number of the suit   CV-17-05588-CAS-PLA

d. Approximate date the suit was filed   08/14/2017

e. If you are not a party to this suit, what is your connection with it? Explain briefly.

I was the process server diectly responsible for serving the Defendants. I am now overseeing the service of the summons and complaint, and at no time did i or any other person cause AMS to be served with the lawsuit. These two clowns also implicated in felonies and called police.

**(7)** Size of law firm complained about:

☐ 1 Attorney
☒ 2 – 10 Attorneys
☐ 11 + Attorneys
☐ Government Attorney
☐ Unknown

**(8)** Translation Information:

If you require that the State Bar utilize formal translation services in order to process your complaint, it may delay our communications with you.  Is someone available to provide translation assistance for you so that the State Bar may communicate with you in English?

Yes ☒        No ☐

If "no," state the language in which you need formal translation:

Signature_____   Date: 08/31/2017

Case 1:17-cv-02286-RBJ   Document 42-1   Filed 10/13/17   USDC Colorado   Page 54 of 87
Case 2:17-cv-01474-CAS-PLA   Document 63-2   Filed 09/11/17   Page 28 of 52   Page ID
Case 2:17-cv-05588-CAS-PLA   Document #:871   Filed 08/28/17   Page 1 of 2   Page ID #:192

Name and address:
Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
Burke, Williams & Sorensen, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA  90071
(213) 236-0600    (213) 236-2700

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| JENNIFER OH, et al., | CASE NUMBER: |
|---|---|
| v.                          PLAINTIFF(S) | 2:17-cv-05588 CAS(PLAx) |
| SCRAM OF CALIFORNIA, INC., et al., | NOTICE OF APPEARANCE OR WITHDRAWAL OF COUNSEL |
| DEFENDANT(S) | |

## INSTRUCTIONS

*Appearance of Counsel:*

Attorneys may use this form to enter an appearance in a case, or to update the docket of a case to reflect a prior appearance. To do so, complete Sections I, II, and IV of this form, then file and serve the form in the case. (Using an attorney's CM/ECF login and password to file this form will expedite the addition of that attorney to the docket as counsel of record.)

*Withdrawal of Counsel:*

This form may be used to terminate an attorney's status as counsel of record for a party in three situations: (1) the attorney being terminated has already been relieved by the Court, but the docket does not yet reflect that fact; (2) at least one member of the attorney's firm or agency will continue to represent that party and the withdrawing attorney is not the only member of the Bar of this Court representing that party; or (3) the represented party has been dismissed from the case, but the attorneys are still receiving notices of electronic filing. For any of these situations, complete Sections I, III, and IV of this form, then file and serve the form in the case.

***Note:*** *In situations not covered above, attorneys seeking to withdraw from a case must first obtain permission from the Court. In such circumstances, attorneys should complete and file a "Request for Approval of Substitution or Withdrawal of Counsel" (Form G-01) rather than this "Notice of Appearance or Withdrawal of Counsel" (Form G-123). See Form G-01 for further information.*

## SECTION I - IDENTIFYING INFORMATION

*Please complete the following information for the attorney you wish to add or remove (if removing an attorney, provide the information as it currently appears on the docket; if appearing pro hac vice, enter "PHV" in the field for "CA Bar Number"):*

Name: Susan E. Coleman                                  CA Bar Number: 171832

Firm or agency:  Burke, Williams & Sorensen, LLP

Address:  444 South Flower Street, Suite 2400, Los Angeles, CA  90071

Telephone Number:  (213) 236-0600              Fax Number:  (213) 236-2700

Email:  scoleman@bwslaw.com

Counsel of record for the following party or parties:  Alcohol Monitoring Systems, Inc.

Case 1:17-cv-02286-RBJ  Document 42-1  Filed 10/13/17  USDC Colorado  Page 55 of 87
Case 2:17-cv-01474-CAS-PLA  Document 63-2  Filed 09/11/17  Page 29 of 52  Page ID
Case 2:17-cv-05588-CAS-PLA  Document #:872 Filed 08/28/17  Page 2 of 2  Page ID #:193

## SECTION II - TO ADD AN ATTORNEY TO THE DOCKET

*Please select one of the following options:*

☐ The attorney listed above has already appeared as counsel of record in this case and should have been added to the docket. The date of the attorney's first appearance in this case: _____ .

☐ The filing of this form constitutes the first appearance in this case of the attorney listed above. Other members of this attorney's firm or agency have previously appeared in the case.

☒ The filing of this form constitutes the first appearance in this case of the attorney listed above. No other members of this attorney's firm or agency have previously appeared in the case.

☐ By order of the court dated _____ in case number _____ (see attached copy), the attorney listed above may appear in this case without applying for admission to practice *pro hac vice*.

☐ This case was transferred to this district by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to 28 U.S.C. § 1407 from the _____ District of _____, where it was assigned case number _____. The attorney listed above is counsel of record in this case in the transferee district, and is permitted by the rules of the JPML to continue to represent his or her client in this district without applying for admission to practice *pro hac vice* and without the appointment of local counsel.

☐ On _____, the attorney listed above was granted permission to appear in this case *pro hac vice* before the Bankruptcy Court, and L.Bankr.R. 8 authorizes the continuation of that representation in this case before the District Court.

*In addition, if this is a criminal case, please check the applicable box below. The attorney listed above is:*

☐ USAO  ☐ FPDO  ☐ CJA Appointment  ☐ Pro Bono  ☐ Retained

## SECTION III - TO REMOVE AN ATTORNEY FROM THE DOCKET

*Please select one of the following options:*

☐ The attorney named above has already been relieved by the Court as counsel of record in this case and should have been removed from the docket. Date of the order relieving this attorney: _____.

☐ Please remove the attorney named above from the docket of this case; at least one member of the firm or agency named above, and at least one member of the Bar of this Court, will continue to serve as counsel of record for the party or parties indicated.
*(Note: if you are removing yourself from the docket of this case as a result of separating from a firm or agency, you should consult Local Rules 5-4.8.1 and 83-2.4 and Form G-06 ("Notice of Change of Attorney Business or Contact Information"), concerning your obligations to notify the Clerk and parties of changes in your business or contact information.)*

☐ The represented party has been dismissed from the case, but the attorneys are still receiving notices of electronic filing. Date party was dismissed: _____.

☐ The attorney named above was appointed on appeal and the appeal has been adjudicated. Date the mandate was filed: _____.

## SECTION IV - SIGNATURE

I request that the Clerk update the docket as indicated above.

Date: ___August 28, 2017_____  Signature: ___/s/ Susan E. Coleman_____

Name: ___Susan E. Coleman_____

Case 1:17-cv-02286-RBJ  Document 42-1  Filed 10/13/17  USDC Colorado  Page 56 of 87
Case 2:17-cv-01474-CAS-PLA  Document 63-2  Filed 09/11/17  Page 30 of 52  Page ID #773
Case 2:17-cv-05588-CAS-PLA  Document #873 Filed 08/28/17  Page 1 of 2  Page ID #:194

Name and address:
Kristina Doan Gruenberg (SBN 268188)
E-mail: kgruenberg@bwslaw.com
Burke, Williams & Sorensen, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071
(213) 236-0600   (213) 236-2700

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| JENNIFER OH, et al., | CASE NUMBER: |
|---|---|
| PLAINTIFF(S) | 2:17-cv-05588 CAS(PLAx) |
| v. | |
| SCRAM OF CALIFORNIA, INC., et al., | NOTICE OF APPEARANCE OR WITHDRAWAL OF COUNSEL |
| DEFENDANT(S) | |

## INSTRUCTIONS

*Appearance of Counsel:*

Attorneys may use this form to enter an appearance in a case, or to update the docket of a case to reflect a prior appearance. To do so, complete Sections I, II, and IV of this form, then file and serve the form in the case. (Using an attorney's CM/ECF login and password to file this form will expedite the addition of that attorney to the docket as counsel of record.)

*Withdrawal of Counsel:*

This form may be used to terminate an attorney's status as counsel of record for a party in three situations: (1) the attorney being terminated has already been relieved by the Court, but the docket does not yet reflect that fact; (2) at least one member of the attorney's firm or agency will continue to represent that party and the withdrawing attorney is not the only member of the Bar of this Court representing that party; or (3) the represented party has been dismissed from the case, but the attorneys are still receiving notices of electronic filing. For any of these situations, complete Sections I, III, and IV of this form, then file and serve the form in the case.

***Note:*** *In situations not covered above, attorneys seeking to withdraw from a case must first obtain permission from the Court. In such circumstances, attorneys should complete and file a "Request for Approval of Substitution or Withdrawal of Counsel" (Form G-01) rather than this "Notice of Appearance or Withdrawal of Counsel" (Form G-123). See Form G-01 for further information.*

## SECTION I - IDENTIFYING INFORMATION

*Please complete the following information for the attorney you wish to add or remove (if removing an attorney, provide the information as it currently appears on the docket; if appearing pro hac vice, enter "PHV" in the field for "CA Bar Number"):*

Name: Kristina Doan Gruenberg       CA Bar Number: 268188

Firm or agency: Burke, Williams & Sorensen, LLP

Address: 444 South Flower Street, Suite 2400, Los Angeles, CA 90071

Telephone Number: (213) 236-0600       Fax Number: (213) 236-2700

Email: kgruenberg@bwslaw.com

Counsel of record for the following party or parties: Alcohol Monitoring Systems, Inc.

Case 1:17-cv-02286-RBJ   Document 42-1   Filed 10/13/17   USDC Colorado   Page 57 of 87
Case 2:17-cv-01474-CAS-PLA   Document 63-2   Filed 09/11/17   Page 31 of 52   Page ID #:874
Case 2:17-cv-05588-CAS-PLA   Document 43-2   Filed 08/28/17   Page 2 of 2   Page ID #:195

## SECTION II - TO ADD AN ATTORNEY TO THE DOCKET

*Please select one of the following options:*

☐ The attorney listed above has already appeared as counsel of record in this case and should have been added to the docket. The date of the attorney's first appearance in this case: _____ .

☒ The filing of this form constitutes the first appearance in this case of the attorney listed above. Other members of this attorney's firm or agency have previously appeared in the case.

☐ The filing of this form constitutes the first appearance in this case of the attorney listed above. No other members of this attorney's firm or agency have previously appeared in the case.

☐ By order of the court dated _____ in case number _____ (see attached copy), the attorney listed above may appear in this case without applying for admission to practice *pro hac vice*.

☐ This case was transferred to this district by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to 28 U.S.C. § 1407 from the _____ District of _____, where it was assigned case number _____. The attorney listed above is counsel of record in this case in the transferee district, and is permitted by the rules of the JPML to continue to represent his or her client in this district without applying for admission to practice *pro hac vice* and without the appointment of local counsel.

☐ On _____, the attorney listed above was granted permission to appear in this case *pro hac vice* before the Bankruptcy Court, and L.Bankr.R. 8 authorizes the continuation of that representation in this case before the District Court.

*In addition, if this is a criminal case, please check the applicable box below. The attorney listed above is:*

☐ USAO   ☐ FPDO   ☐ CJA Appointment   ☐ Pro Bono   ☐ Retained

## SECTION III - TO REMOVE AN ATTORNEY FROM THE DOCKET

*Please select one of the following options:*

☐ The attorney named above has already been relieved by the Court as counsel of record in this case and should have been removed from the docket. Date of the order relieving this attorney: _____ .

☐ Please remove the attorney named above from the docket of this case; at least one member of the firm or agency named above, and at least one member of the Bar of this Court, will continue to serve as counsel of record for the party or parties indicated.
   *(Note: if you are removing yourself from the docket of this case as a result of separating from a firm or agency, you should consult Local Rules 5-4.8.1 and 83-2.4 and Form G-06 ("Notice of Change of Attorney Business or Contact Information"), concerning your obligations to notify the Clerk and parties of changes in your business or contact information.)*

☐ The represented party has been dismissed from the case, but the attorneys are still receiving notices of electronic filing. Date party was dismissed: _____ .

☐ The attorney named above was appointed on appeal and the appeal has been adjudicated. Date the mandate was filed: _____ .

## SECTION IV - SIGNATURE

I request that the Clerk update the docket as indicated above.

Date: August 28, 2017          Signature:   /s/ Kristina Doan Gruenberg

                               Name:        Kristina Doan Gruenberg

Case 1:17-cv-02286-RBJ   Document 42-1   Filed 10/13/17   USDC Colorado   Page 58 of 87
Case 2:17-cv-01474-CAS-PLA   Document 63-2   Filed 09/11/17   Page 32 of 52   Page ID
#:875

# EXHIBIT H

1  Edwin I. Aimufua, Esq., SBN: 186986
   LAW OFFICES OF EDWIN I. AIMUFUA
2  17000 Ventura Blvd, Suite # 201
   Encino, California 91316
3  (818) 855-1118 (Telephone)
   (818) 855-1101 (Facsimile)
4  eia@aimufualaw.com

5  *Attorneys for Plaintiffs and on behalf*
6  *of all others similarly situated*

7              **UNITED STATES DISTRICT COURT**
8              **CENTRAL DISTRICT OF CALIFORNIA**

9  JENNIFER OH, CHRISTINA BOHNSTEDT,      )  Case No.: 17-CV-5588-CAS-PLA
   BROOKE HOFFMAN, MICAH BAILEY,           )
10 LINDA SOLTIS, DERRICK SMITH, KALEB      )  **Hon. Christina A. Snyder**
   FAJARADO, GWENDOLYN RAYMOND,            )  **United States District Judge**
11 ANTHONY HERRERA, SHILOH IRVIN,          )  **Chief Judge, Central District**
   MATTHEW BRUDNICKI, JAMES ROCHE,         )
12 LINDSEY LILJENQUIST, RYAN MCVEY,        )  DECLARATION OF PROCESS
   BETHANY LANGE, ANTHONY JORDAN           )  SERVER ANTHONY OLIVER
13 ALLEN PRICE, RASHON KYLE, HAMAD         )
   HAMDI, JENNIFER JOHNSTON, JAMES         )
14 TROXEL, MAUREEN CARNEY, MICHAEL         )
   SPANO, TORIAHNA BONDS, GABRIEL          )
15 GARCIA-FRAIRE, SHANE HANRAHAN,          )
   DAN McCULLOUGH, KEVIN COLLINS,          )
16 KRISTEN ZINSELMEIER, JAMES COOPER       )
   ROSEANNE HANSEN, DUSTY DERIGO,          )
17 NICOLE FRANKLIN, DAKOTA JONES,          )
   JOHN RAY, JONATHAN YAGEL, ANGEL         )
18 GONZALES, ELIJAH HAYDARY, MIKE          )
   ESTRADA, on behalf of themselves and all )
19 others similarly situated;              )
                                           )
20             Plaintiffs,                 )
                                           )
21 vs.                                     )
                                           )
22 SCRAM OF CALIFORNIA, Inc., a California )
   Corporation; ALCOHOL MONITORING         )
23 SYSTEMS, INC., a Delaware Corporation;   )
   LOS ANGELES ALCOHOL MONITORING          )
24 Inc., a California Entity; FLORIDA SAFETY )
   COUNCIL, Inc., a Florida Entity; UNITED )
25 SAFETY COUNCIL, Inc., a Florida Entity; )
   ETOH MONITORING, L.L.C., a Louisiana    )
26 Corporation; RECOVERY SOLUTIONS         )
   CONSULTING & TRAINING CORP, a           )
27 private Entity; RECOVERY HEALTHCARE     )
   CORPORATION, A Texas Corporation;       )
28             [continued on page 2]       )

---

-1-

DECLARATION OF PROCESS SERVER ANTHONY OLIVER

| | |
|---|---|
| 1 | TOTAL COURT SERVICES OF NEVADA, ) LLC., a Nevada Corporation: SENTINEL ) |
| 2 | OFFENDERS SERVICES, LLC., a Delaware ) Corporation; SCRAM SYSTEMS OF ) |
| 3 | ILLINOIS, Inc., an Illinois Entity; COURT ) PROGRAMS OF NORTH FLORIDA, LLC, a ) |
| 4 | Florida Entity; HOUSE ARREST SERVICES, ) Inc., Unknown Entity; MIDWEST ADP, INC., ) |
| 5 | a Missouri Entity; WISCONSIN LOCK & ) LOAD ELECTRONIC MONITORING ) |
| 6 | SOLUTIONS, LLC, a Wisconsin Corporation; ) MIDATLANTIC MONITORING SERVICES, ) |
| 7 | L.L.C., a Pennsylvania Corporation; ROCKY ) MOUNTAIN OFFENDER MANAGEMENT ) |
| 8 | SYSTEMS, LLC., a Colorado Corporation; ) ICU MONITORING INC., an Indiana Entity; ) |
| 9 | EASTERN MISSOURI ALTERNATIVE ) SENTENCING SERVICES, Inc., a Missouri ) |
| 10 | Corporation; ADVANTAGE SENTENCING ) ALTERNATIVE PROGRAMS, Inc., a ) |
| 11 | Maryland Corporation; PRONTOTRAK, Inc., ) a Georgia Corporation; TOTAL COURT ) |
| 12 | SERVICES OF INDIANA, L.L.C., an Indiana ) Corporation; PRIDE INTERGRATED ) |
| 13 | SERVICE, Inc., a Georgia Corporation; ) NINEHOUSE MEDIA, INC., an Illinois ) |
| 14 | Corporation; LEADERS IN COMMUNITY ) ALTERNATIVES, INC., a California ) |
| 15 | Corporation; and DOES 1-100, inclusive. ) ) |
| 16 | Defendants. ) |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | /// |
| 26 | /// |
| 27 | /// |
| 28 | |

-2-

DECLARATION OF PROCESS SERVER ANTHONY OLIVER

Case 1:17-cv-02286-RBJ   Document 42-1   Filed 10/13/17   USDC Colorado   Page 61 of 87
Case 2:17-cv-05543-CAS-PLA   Document 53-1   Filed 09/08/17   Page 35 of 52   Page ID
#:878

**TO THE HONORABLE CHRISTINA A. SNYDER, CHIEF JUDGE OF THE CENTRAL DISTRICT OF CALIFORNIA:**

### DECLARTION OF DUE DILIGENCE

1.      I am over 18 years old, and not a party to the within action. If called upon to testify, I would do so competently.

2.      On July 31, 2017, I accepted an assignment from the Law Offices of Edwin I. Aimufua to execute service of Summons, Complaint, and all relevant documents upon each of the Defendants within my reach of the Southern states of Florida, Georgia, and surrounding states. My office is based in Florida.

3.      In this assignment, I informed Mr. Aimufua that for the Defendants that are not within my reach, that I would contract the job out to fit process servers, or in the alternative, persons I deemed over the age of 18 years old, and not a party to the action.

4.      My assignment was abruptly ended when attorneys Susan Coleman, SBN # 171832 and Kristina Gruenberg, SBN # 268188, began contacting various people including Mr. Aimufua asking about my involvement in this case. This is because most recently Susan E. Coleman sent various derogatory emails about me to two people both in Nevada, and California.

5.      I did not file this declaration to use the Court or the forum to raise these issues. I filed this declaration to the Honorable Christina A. Snyder for another reason.

6.      Again, my job was to effectuate service of process of the summons and complaint on the Defendants.

7.      However, I inform Judge Christina A. Snyder that I never served Defendant Alcohol Monitoring Systems, Inc., ("AMS") in this case.

8.      Further, I never directed anyone whatsoever to serve AMS with the Summons and Complaint. This is also admitted by attorney Kristina Gruenberg in an email to Mr. Aimufua, all of which was turned over to the State Bar of California in a 63-page complaint.

9.      At no time was AMS served through their agent for service, C.T. Corporation in either Los Angeles, or Colorado.

10.      On August 31, 2017, I just happen to be reviewing the pacer docket, and discovered that Susan Coleman and Kristina Gruenberg files notices of appearances despite the fact that they know they have no legal right to file a notice. I also discovered that both attorneys filed a motion to dismiss, and an opposition to transfer venue.

11.      Again, at this point and time, Defendant AMS has not been served with the Summons and Complaint in this case, and both Susan Coleman and Kristina Gruenberg of Burke, Williams & Sorenson have knowingly filed a notice of appearance in this case despite knowing that AMS has not been served. They continue their dirty practice of committing perjury, lying, falsifying documents, and violating the rules of the State Bar of California.

12.      I also went on pacer and obtained a copy of the Motion to Dismiss, and the Opposition to transfer venue and jurisdiction. ECF Dkt # 52, 53, and 54.

13.      After careful review of the Opposition to Transfer Venue, its states by these two attorneys in their own admission that AMS was never served.

14.      On September 8, 2017, I contacted the State Bar of California, Office of the Chief Trial Counsel, the Honorable Steven Moawad, and his deputy trial counsels, Mr. Joseph Carlucci, Ms. Melanie Lawrence, Mr. Anthony Garcia, Mr. Gregory Dresser, and Mr. John Kelly, senior deputy trial counsel about the continued violations committed by Susan E. Coleman, and Kristina D. Gruenberg. That complaint and all 63 pages were sent certified mail with a tracking number of 7017-1000-0000-0459-0480, United States Postal Service.

-4-
DECLARATION OF PROCESS SERVER ANTHONY OLIVER

15.     I am monitoring the pacer program and I will continue to monitor all of the activity of these two attorneys and will be forwarded to the State Bar to seek prosecution.

16.     I have instructed Mr. Edwin I. Aimufua, Esq., to dismiss this action without prejudice, and that I would pay all costs associated with refilling it in the district of Colorado. Several days ago, I also tipped off Colorado based AMS attorney James Dallner, and Phillip Lorenzo about a potential dismissal without prejudice so that these two lawyers, who just formed their own law firm, can ask that AMS allow them to represent AMS in Colorado. I will pay for all fess that are associated with refiling this case in Colorado.

16.     I currently live in Jacksonville, Florida, and as such, there is a Stage 5 hurricane coming this way. At this time, I am unable to evacuate, and therefore, I submit this declaration in case it is my last.

I certify under the penalty of perjury that this foregoing is true and correct dated this 8th day of September, 2017 in the City of Jacksonville, County of Duval, the United State of America.

_____

Anthony Oliver – Process Server

DECLARATION OF PROCESS SERVER ANTHONY OLIVER

## PROOF OF SERVICE BY MAIL

## STATE OF GEORGIA, COUNTY OF CHATHAM

### Federal Rules of Civil Procedure, rule 5

I, the undersigned, hereby certify that I am a citizen of the United States and over the age of eighteen; My business address is:  22 W. Bryan Street, # 174, Savannah, Georgia, 31401.

I am familiar with the practice of collection and processing of documents for mailing with the United States Postal Service, that the documents would be deposited with the United States Postal Service that same day in the ordinary course of business.

On September 8, 2017, I placed the **DECLARATION OF ANTHONY OLIVER** in a sealed envelope, with postage thereon fully prepaid, and following the ordinary business practices of this Law Firm, placed said envelope for collection and mailing to the parties to the within action, at Encino, California, addressed as follows:

**THE STATE BAR OF CALIFORNIA
ATTN: Honorable Steven Moawad
845 S. Figueroa Street, 3rd Floor
Los Angeles, California 90017**

**USPS Tracking #    7017-1000-0000-0459-0480**

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed this 8th day of September, 2017, in Savannah, Georgia.

By: _____

Anthony Oliver - Declarant

DECLARATION OF PROCESS SERVER ANTHONY OLIVER

Case 1:17-cv-02286-RBJ   Document 42-1   Filed 10/13/17   USDC Colorado   Page 65 of 87
Case 2:17-cv-01474-CAS-PLA   Document 63-2   Filed 09/11/17   Page 39 of 52   Page ID
#:882

# EXHIBIT I

Case 1:17-cv-02286-RBJ   Document 42-1   Filed 10/13/17   USDC Colorado   Page 66 of 87
Case 2:17-cv-01474-CAS-PLA   Document 63-2   Filed 09/11/17   Page 40 of 52   Page ID
#:883

**From:**          Anthony Oliver <sweetmarineguy26@aol.com>
**Sent:**          Friday, September 08, 2017 8:31 PM
**To:**            Coleman, Susan E.

That's too bad nothing but a bunch of tracks and hoes and whores and whores that like to sleep around

Sent from AOL Mobile Mail

Case 1:17-cv-02286-RBJ   Document 42-1   Filed 10/13/17   USDC Colorado   Page 67 of 87
Case 2:17-cv-01474-CAS-PLA   Document 63-2   Filed 09/11/17   Page 41 of 52   Page ID
#:884

**From:**               Anthony Oliver <sweetmarineguy26@aol.com>
**Sent:**               Friday, September 08, 2017 8:35 PM
**To:**                 Gruenberg, Kristina D.

A bunch of group of bitches and sluts and tricks and hoes if you ask me

Sent from AOL Mobile Mail

**From:** Anthony Oliver <sweetmarineguy26@aol.com>
**Sent:** Friday, September 08, 2017 8:41 PM
**To:** Coleman, Susan E.; Gruenberg, Kristina D.

Ah you Whires just lock lost a really good class action and there's nothing you can do whores
Sent from AOL Mobile Mail.

Will file a copy of this email with the court tomorrow

Case 1:17-cv-02286-RBJ   Document 42-1   Filed 10/13/17   USDC Colorado   Page 69 of 87
Case 2:17-cv-01474-CAS-PLA   Document 63-2   Filed 09/11/17   Page 43 of 52   Page ID
#:886

| | |
|---|---|
| **From:** | Anthony Oliver <sweetmarineguy26@aol.com> |
| **Sent:** | Friday, September 08, 2017 8:51 PM |
| **To:** | Coleman, Susan E.; Gruenberg, Kristina D. |
| **Subject:** | Two whores available |

Oh boy hey whores well it appears he is lost a class action whores.

I am printing out this email right now and send it to the State Bar of California and I am finally copy with the court what a bunch of whores.

Sincerely

Luke Furme

Sent from AOL Mobile Mail

Case 1:17-cv-02286-RBJ   Document 42-1   Filed 10/13/17   USDC Colorado   Page 70 of 87
Case 2:17-cv-01474-CAS-PLA   Document 63-2   Filed 09/11/17   Page 44 of 52   Page ID
#:887

**From:**           Anthony Oliver <sweetmarineguy26@aol.com>
**Sent:**           Friday, September 08, 2017 8:56 PM
**To:**             Gruenberg, Kristina D.; Coleman, Susan E.

What a couple of whores

Sent from AOL Mobile Mail

**From:**         Anthony Oliver <sweetmarineguy26@aol.com>
**Sent:**          Friday, September 08, 2017 11:29 PM
**To:**             Coleman, Susan E.; Gruenberg, Kristina D.

Whores and sluts you are.

I will be filing a copy with the State Bar of California is sluts and whores

Sent from AOL Mobile Mail

Case 1:17-cv-02286-RBJ   Document 42-1   Filed 10/13/17   USDC Colorado   Page 72 of 87
Case 2:17-cv-01474-CAS-PLA   Document 63-2   Filed 09/11/17   Page 46 of 52   Page ID
#:889

# EXHIBIT J

**SUPERIOR COURT OF CALIFORNIA,**

COUNTY OF SAN DIEGO

HALL OF JUSTICE

TENTATIVE RULINGS - February 24, 2017

EVENT DATE:  03/17/2017          EVENT TIME:   09:00:00 AM          DEPT.:  C-67

JUDICIAL OFFICER:Eddie C Sturgeon


CASE NO.:     37-2016-00031893-CU-PL-CTL

CASE TITLE:  OLIVER VS. ALCOHOL MONITORING SYSTEMS INC [E-FILE]


CASE CATEGORY:  Civil - Unlimited          CASE TYPE:  Product Liability


EVENT TYPE:  Motion Hearing (Civil)
CAUSAL DOCUMENT/DATE FILED: Motion - Other, 10/13/2016

---

**TENTATIVE RULING**

Defendant Scram of California, Inc.'s motion to dismiss plaintiff's complaint under Code of Civil Procedure §391.7, or in the alternative, for order requiring plaintiff to furnish security is granted.  Plaintiff Anthony Oliver was deemed a vexatious litigant by the San Bernardino County Superior Court on September 12, 2013, in SMCVS 1300943. Although plaintiff's motion focuses on why this court should disregard the decision, this court has no jurisdiction to reopen that decision. Judicial notice is granted as requested to show the filings made by plaintiff and the courts' orders. Plaintiff failed to present any evidence in support of his motion that security should not be ordered.

Plaintiff filed a voluntary dismissal of a substantively similar action in the federal court, after the court set an order to show cause on June 1, 2016.  Although plaintiff is currently represented by counsel, defendant has raised issues whether counsel is actually independent of his client due to questionable prior practices by plaintiff.  Because this motion is not opposed, the court orders plaintiff to post bond in the amount of $75,000, within the next 10 days.  If bond is not posted, the court will dismiss the complaint.

For the same reasons, defendant Alcohol Monitoring Systems, Inc.'s motion to require plaintiff to furnish security is granted in the amount of $75,000. If bond is not posted, the court will dismiss the complaint by April 28, 2017.

---

Case 1:17-cv-02286-RBJ   Document 42-1   Filed 10/13/17   USDC Colorado   Page 74 of 87
Case 2:17-cv-01474-CAS-PLA   Document 63-2   Filed 09/11/17   Page 48 of 52   Page ID
#:891

EXHIBIT K

SCANNED
MC-700

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and Address)*: *(To be completed only if a party is making the motion)* | FOR COURT USE ONLY |
|---|---|

ATTORNEY FOR *(Name)*:
TELEPHONE NO.:
FAX NO.:
E-MAIL ADDRESS:

☐ COURT OF APPEAL,   APPELLATE DISTRICT, DIVISION
☑ SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 303 W Third Street
MAILING ADDRESS: 4th Floor
CITY AND ZIP CODE: San Bernardino, CA  92415
BRANCH NAME: Court Executive Office

CASE NAME: OLIVER VS. PROGRESSIVE FINANCIAL/BRIGHTHOUSE NETWORKS

**F I L E D**
SUPERIOR COURT
COUNTY OF SAN BERNARDINO

SEP 1 2 2013

BY_____ DEPUTY

| **PREFILING ORDER—VEXATIOUS LITIGANT** | CASE NUMBER: SMCVS1300943 |
|---|---|

1. Name and address of each plaintiff or cross-complainant or other party subject to this prefiling order:
   ANTHONY OLIVER ALSO KNOWN AS ANTHONY ALLEN OLIVER
   16366 ALVISO AVENUE
   VICTORVILLE, CA  92394

2. This prefiling order is entered pursuant to a motion made by  ☑ the court   ☐ party (name):

3. The person or persons identified in item 1, unless represented by an attorney, are prohibited from filing any new litigation in the courts of California without approval of the presiding justice or presiding judge of the court in which the action is to be filed.

4. The clerk is ordered to provide a copy of this order to the California Judicial Council by fax at 415-865-4329 or by mail at the address below.

Vexatious Litigant Prefiling Orders
California Judicial Council
Administrative Office of the Courts
455 Golden Gate Avenue
San Francisco, California 94102

Date: 12 Sept 13

_____
JUDICIAL OFFICER

Form Adopted for Mandatory Use Judicial Council of California MC-700 [Rev. January 1, 2013]   PREFILING ORDER—VEXATIOUS LITIGANT   Code of Civil Procedure, § 391.7 www.courts.ca.gov

Case 1:17-cv-02286-RBJ   Document 42-1   Filed 10/13/17   USDC Colorado   Page 76 of 87
Case 2:17-cv-01474-CAS-PLA   Document 63-2   Filed 09/11/17   Page 50 of 52   Page ID
#:893

# EXHIBIT L

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11 | ANTHONY OLIVER,

12 |                      Plaintiff,

13 |    vs.

14 | SCRAM OF CALIFORNIA, INC., et al.,

15 |                   Defendants.

CASE NO. 16cv1193-LAB (KSC)

**ORDER OF DISMISSAL; AND**

**ADMONITION TO PLAINTIFF**

16
17       On June 2, the Court ordered Plaintiff Anthony Oliver to show cause why this action

18 should not be dismissed for lack of jurisdiction.  He was ordered to do this by filing a

19 memorandum of points and authorities by June 22.  If he did not, the order cautioned, this

20 action would be dismissed for lack of jurisdiction. (*See* Order of June 2, 2016, Docket no.

21 15, at 6:1–2.) On June 15, the Court granted Oliver's request to extend the response

22 deadline to July 8, 2016.

23       Instead of obeying the Court's order, Oliver simply filed a notice of dismissal. The

24 Court construes this as Oliver's concession that jurisdiction is lacking  and that this defect

25 cannot be cured by amendment.  This action is therefore **DISMISSED WITHOUT**

26 **PREJUDICE BUT WITHOUT LEAVE TO AMEND**.

27       The court also noted that Oliver was holding himself out to be a lawyer. This was

28 significant because he brought this as a class action and was attempting to represent the

class members.  The Court ordered him to identify the jurisdictions where he was licensed to practice law.  Oliver filed a response, conceding that he is not a licensed attorney.

The Court therefore reminds Oliver that he must not use the word "attorney" or "lawyer" when describing himself, and must not refer to Anthony Oliver & Associates as "attorneys" or a law firm.  He must not include Anthony Oliver & Associates in the caption or signature block of pleadings, because doing so implies that it is a law firm.  *See* Civil Local Rule 5.1(j)(1) and (5). He also must not suggest he has a state bar number, or that one is forthcoming (*e.g.*, by using the designation "TBD").[1]  Using the designation "*pro se*" does not correct the inaccuracy; all it does is imply that, although he is an attorney, he is representing himself.

**IT IS SO ORDERED**.

DATED: July 8, 2016

_____

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] Oliver did not do that in this case, but he did in related cases.  *See, e.g.*, complaint in case 16cv540-WQH (MDD), *Oliver v. California Highway Patrol* (S.D. Cal., filed Mar. 3, 2016), at 1:2 ("Anthony Allen Oliver, SBN TBD"); complaint in case 16cv565-BAS (JLB), *Oliver v. City of Oceanside* (S.D. Cal., filed Mar. 7, 2016), at 1:2 ("Anthony Allen Oliver, SBN TBD"); complaint in case 13cv2246-LAB (BGS), *Oliver v. City of Oceanside* (S.D. Cal., filed Sept. 19, 2013), at 1:1 ("Anthony Allen Oliver, (AZSB # - TBD)").

16cv1193

EXHIBIT C



444 South Flower Street - Suite 2400
Los Angeles, California 90071-2953
voice 213.236.0600 - fax 213.236.2700
www.bwslaw.com

Direct No.: 213.236.2805
Our File No.: 07120-0002
scoleman@bwslaw.com

September 29, 2017

Rhidian Orr
Conor Hagerty
Nathan Johnson
Rick Hernandez
The Orr Law Firm, LLC
720 S. Colorado Blvd, Suite #1110
Denver, Colorado 80246

William LeFavier
8010 McGee Lane
Hudson, Ohio 44236-1332

> Re:   Lange, et al, v. Alcohol Monitoring Systems, et al
>        Case 1:17-cv-02286

Dear Counsel:

I am writing to you to provide the opportunity to dismiss the above-referenced case before we move for sanctions and/or recovery of fees/costs. We currently represent AMS, Sentinel Offender Services, and Court Programs, Inc (Mississippi). Counsel for SCRAM of California, Inc. join in this communication. The allegations in the complaint are frivolous and lack merit. Additionally, we would like to bring to your attention that the claims in this suit are substantially similar to two lawsuits which were filed and then voluntarily dismissed in California. They also share many of the same individual named plaintiffs. These suits are:

- *Hansen v. Scram of California, et al.*, Case No. 2:17-cv-01474-CAS-PLA

- *Oh v. Scram of California, et al.,* Case No. 2:17-cv-05588-CAS-PLA

You may be unaware of this prior litigation, and we recommend that you review the dockets in these cases. Notably, a vexatious litigant named Anthony Oliver filed a declaration in the *Oh* case shortly before it was voluntarily dismissed, indicating that he was directing the litigation and that he had instructed plaintiffs' counsel Mr. Edwin Aimufua to dismiss the lawsuit and refile in Colorado. (See attached Oliver

LA #4822-8159-6241 v2

Los Angeles – Inland Empire – Marin County – Oakland – Orange County – Palm Desert – San Francisco – Silicon Valley – Ventura County



Hansen, et al. v. SCRAM, AMS, et al.
September 29, 2017
Page 2

Declaration.) Your Colorado lawsuit has an extreme similarity to the *Oh* case in particular.

We believe that Anthony Oliver continues to be involved in this litigation against Alcohol Monitoring Systems ("AMS") and SCRAM in order to harass and annoy AMS and SCRAM and to attempt to interfere with their businesses.  If you are aware of Oliver's role, it is improper to allow him to hide behind counsel in a putative class action lawsuit to continue his abuse of the judicial process.

As you should be aware, Federal Rule of Civil Procedure Rule 11 provides in pertinent part:

> (b) REPRESENTATIONS TO THE COURT.  By presenting to the court a pleading, written motion, or other paper— whether by signing, filing, submitting, or later advocating it— an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Furthermore, 28 U.S. Code § 1927 states: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who

LA #4822-8159-6241 v2



Hansen, et al. v. SCRAM, AMS, et al.
September 29, 2017
Page 3

so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Here, you signed your name to a complaint substantially similar to the *Oh* and *Hansen* complaints filed against AMS and SCRAM in California. (Indeed, the fact that the footer indicates that this is Plaintiff's first amended complaint suggests that this was copied/pasted from a prior case.)  When the case was voluntarily dismissed, the court and parties were informed that the action would be re-filed in Colorado.  This re-filing of nearly the same case in another venue constitutes improper forum shopping.

We are concerned about whether you have investigated the factual allegations for each Plaintiff against each defendant, and the veracity of these allegations.  Should this case proceed, this is something that we will inquire about during discovery.  Based on information AMS and SCRAM possess, we do not believe that there were false positive readings without alcohol consumption.

Investigation would also reveal that AMS plays no role in setting the price for monitoring or the terms of probation.  These are issues handled by each local service provider, the probation department, and the court.  There are a myriad of other inaccuracies regarding the service providers and each underlying criminal case.  As one example, James Roche was not being monitored by Court Programs, Inc., a Mississippi Corporation, at the time of the alleged incident in the complaint.  Additionally, the complaint repeats the mistake of alleging that Ms. Oh has a claim against SCRAM of California, Inc.  Prior counsel in this matter was informed several times that Ms. Oh was never SCRAM of California, Inc.'s client.

Finally, the complaint is rife with legal problems including but not limited to statute of limitation issues, vague and conclusory allegations, claims that are barred by quasi-judicial immunity, the litigation privilege, and *Heck v. Humphrey*.  Although this is framed as a civil rights case, the complaint fails to take into account that individuals on probation have less search/seizure and due process rights than civilians, and it fails to consider the fact that Defendants are private entities and not municipalities.  Simply stating in a conclusory fashion that defendants acted under color of law is insufficient.

Although you may wish to represent individuals who contend they had issues with their SCRAM devices, it is improper to facilitate a frivolous lawsuit that is self-admittedly being directed by Mr. Oliver.  By way of background:



Hansen, et al. v. SCRAM, AMS, et al.
September 29, 2017
Page 4

- Mr. Oliver has filed over 20 cases in California Federal Court in the last 6 years, and 42 state actions between 2010 and 2013. These cases were either voluntarily dismissed or dismissed by the Court.

- Mr. Oliver was declared a vexatious litigant by the San Bernardino Superior Court.

- Mr. Oliver previously sued AMS and SCRAM of California in San Diego Superior Court in *Oliver v. AMS*, et al, Case no. 37-2016-00031893-CU-PL-CTL.  After finding that Mr. Oliver had been previously declared a vexatious litigant, the Court ordered Mr. Oliver to furnish a $75,000 security.  The case was dismissed after Mr. Oliver failed to furnish security.

- Mr. Oliver filed *Oliver v. SCRAM et al.*, Case No. 16-cv-1193-LAB in the Southern District of California.  After the court issued two show cause orders against Plaintiff, Mr. Oliver voluntarily dismissed the lawsuit.  The Court notably admonished Mr. Oliver for improperly holding himself out as an attorney.

- Mr. Oliver brought a third lawsuit, *Oliver v. SCRAM*, et al, Case No. 2:17:cv-00237-SVW-AJW, which was filed in the Central District of California. After Defendants filed a motion showing that Mr. Oliver was a vexatious litigant and requested that a bond to be furnished, Mr. Oliver voluntarily dismissed the lawsuit.

- Mr. Oliver brought a fourth lawsuit, *Oliver v. SCRAM, et al.*, Case No. 2:17-CV-04735-CAS-PLAx, which was voluntarily dismissed after the Court denied Plaintiff appointment of counsel.

- We have received information which has led us to believe that Mr. Oliver is falsely holding himself out to be a paralegal to recruit class members for these cases, and has pretended to be a U.S. Marshall to effectuate service in the *Oh* lawsuit. (Case No. 2:17-cv-05588-CAS-PLA)

- Mr. Oliver has personally sued me, my colleague Ms. Gruenberg, and co-defense counsel Mr. Whitfield, in Duval County Florida in *Oliver v. SCRAM of California, et al.* (Case No. 16-2017-CA-5293-CV-A) alleging that we threatened him with bodily harm, which is patently false.  After we filed a motion to dismiss and for sanctions, he voluntarily dismissed the case but



Hansen, et al. v. SCRAM, AMS, et al.
September 29, 2017
Page 5

has indicated that he plans on re-filing the matter in the state of Georgia. He has also filed frivolous bar complaints against us simply for filing notices of appearance.

- An individual using the email account john.anderson0311@gmail.com threatened to come to my home at 3 a.m. to serve the lawsuit and forwarded me a copy of the bar complaint. We have observed that this same individual is on your ECF notifications.

- On September 16, 2017, Mr. Oliver sent Ms. Gruenberg and me a series of profanity-laced and misogynistic harassing emails.

The majority of this information, along with exhibits, was raised in the *Hansen* matter before District Court Judge Snyder, who indicated that she would be very displeased if this happened in her court. Attached is our briefing to the court, which includes a declaration and exhibits showing Mr. Oliver's escalating harassment. Days later, the *Hansen* case was voluntarily dismissed.

We therefore request that you dismiss this case immediately. The claims against AMS and SCRAM are without merit, and Mr. Oliver's campaign of vexatious litigation should not be permitted to continue in Colorado. If this case is not dismissed, we will be seeking fees and sanctions under FRCP Rule 11 and 28 U.S.C. § 1927, as well as costs and attorneys' fees under FRCP Rule 41(d).

Rule 41(d) states:

If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

The Tenth Circuit has indicated that Rule 41(d) allows the recovery of both costs and attorney's fees in cases where there is evidence of forum shopping and/or bringing repetitive cases. *See Meredith v. Stovall,* 216 F.3d 1087 (10th Cir. 2000). It appears that this is what is occurring in this case. Therefore, we will seek recovery of our costs and fees incurred in the preceding *Oh* case.



BURKE, WILLIAMS & SORENSEN, LLP

Hansen, et al. v. SCRAM, AMS, et al.
**September 29, 2017**
Page 6

Please contact us if you would like to discuss these matters further.

Sincerely,

Susan E. Coleman
Partner

Marrone Robinson Frederick & Foster

J. Alan Frederick, Esq.
Paul J. Whitfield, Esq.

SEC:KDG:tmm

EXHIBIT D

## Moreno, Gabriel

| | |
|---|---|
| **From:** | Coleman, Susan E. |
| **Sent:** | Tuesday, October 03, 2017 2:37 PM |
| **To:** | rhidian@orrlaw.com; Antemo1956@aol.com; Conor.hagerty@gmail.com; Natej@orrlaw.com; Rick@orrlaw.com |
| **Cc:** | Alan Frederick; Paul Whitfield; Mickey Valenti; deolindabruno@mrfflaw.net |
| **Subject:** | RE: Lange, et al, v. Alcohol Monitoring Systems, et al, Case 1:17-cv-02286 - Correspondence |
| **Attachments:** | Lange - LT Pl Counsel re meet and confer re Rule 11 Motion.pdf |

Counsel – I am writing to follow up on the meet and confer letter requesting dismissal of this matter. Please let us know by Friday 10/6 if you will agree to dismiss any of the claims or parties and/or the entire suit. I am available if you would like to meet and confer.

Additionally, it has come to my attention that one or more plaintiffs (i.e. Mr. Rocha) are attempting to contact service providers directly. Please instruct your clients not to communicate directly with any of the defendants, as all communication should be via counsel given that the parties are represented.

Thank you,

Susan

**Susan E. Coleman | Partner**
444 South Flower Street, Suite 2400 | Los Angeles, CA 90071-2953
t - 213.236.0600 | f - 213.236.2700
scoleman@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.