IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **1:17-cv-02286-RBJ**

BETHANY LANGE,
JENNIFER OH,
BROOKE HOFFMAN,
MICAH BAILEY,
LINDA SOLTIS,
DERRICK SMITH,
SHILOH IRVIN,
MATTHEW BRUDNICKI,
JAMES ROCHE,
JENNIFER JOHNSTON,
MICHAEL SPANO,
TORIANNA BONDS,
DAKOTA JONES,
DUSTY DERIGO,
DAN MCCULLOUGH,
ANGEL GONZALES,
CHRISTINA BOHNSTEDT,
On Behalf Of Themselves And All Others Similarly Situated,

    Plaintiff(s),

v.

ALCOHOL MONITORING SYSTEMS, INC., a Delaware Corporation;
LOS ANGELES ALCOHOL MONITORING Inc., a California Entity;
SCRAM OF CALIFORNIA, Inc., a California Corporation;
ETOH MONITORING, L.L.C., a Louisiana Corporation;
RECOVERY SOLUTIONS CONSULTING & TRAINING CORP, a New York Corporation; RECOVERY HEALTHCARE CORPORATION, a unknown entity;
SENTINEL OFFENDER SERVICES, LLC., a Delaware Corporation;
SCRAM SYSTEMS OF ILLINOIS, Inc., an Illinois Entity;
HOUSE ARREST SERVICES, Inc., Unknown Entity;
ROCKY MOUNTAIN OFFENDER MANAGEMENT SYSTEMS, LLC., a Colorado Corporation;
PRONTOTRAK, Inc., a Georgia Corporation;
TOTAL COURT SERVICES OF INDIANA, L.L.C., an Indiana Corporation;
COURT PROGRAMS, Inc., a Mississippi Corporation;
MIDWEST MONITORING AND SURVEILLANCE, INC., a Minnesota Corporation; and DOES 1-10, inclusive,

Defendant(s).

**Defendant Alcohol Monitoring Systems'
Motion for Costs of Dismissed Action and Request for Stay**

Defendant ALCOHOL MONITORING SYSTEMS, INC. ("AMS"), by and through its attorney of record, moves this Court under Federal Rule of Civil Procedure 41(d), for an order awarding its costs and attorney's fees incurred in *Hansen v. Scram of California, et al.*, (C.D. Cal., Case No. 2:17-cv-01474-CAS-PLA) and *Jennifer Oh, et al., v. SCRAM of California, et al.,* (C.D. Cal. Case No. 2:17-cv-05588-CAS-PLA), and a stay in this case until payment of those costs have been made.

AMS certifies that, pursuant to D.C. Colo. L. Civ. R. 7.1(A), counsel sent a meet and confer letter to Plaintiffs' counsel regarding the grounds for this motion and the relief requested on September 29, 2017. Defense counsel followed-up via email and telephone call to discuss this motion. The only response defense counsel has received is indication from Plaintiffs' counsel that they seek to withdraw from the case. (Coleman Decl. ¶ 9.)

## INTRODUCTION

Plaintiffs are a group of individuals who contend they wore Defendant AMS and other Defendants' ankle-worn alcohol monitoring devices as part of their court mandated rehabilitation programs. Plaintiffs bring Section 1983 claims against numerous corporations, based on several disjointed theories. Plaintiffs claim Defendant's alcohol monitoring devices give false-positive readings, the fees for such monitoring are exorbitant, Defendant failed to provide timely reports or information

about fee reductions, and that Defendant has retaliated against Plaintiffs. This case is the second attempt by all Plaintiffs (and third attempt by several Plaintiffs) to bring a meritless class-action lawsuit against AMS arising out of the same interactions.

Plaintiffs' repeated lawsuits and forum-shopping, at the direction of a vexatious litigant Anthony Oliver, have required AMS to incur fees and costs. Pursuant to Rule 41(D), Plaintiffs should therefore be required to pay those fees and costs before proceeding with this matter.[1]

## ARGUMENT

### I. PLAINTIFFS SHOULD BE REQUIRED TO PAY FEES AND COSTS BEFORE PROCEEDING BECAUSE THEY HAVE PREVIOUSLY DISMISSED ACTIONS BASED ON THE SAME ALLEGATIONS

Under Federal Rule of Civil Procedure 41(d), "if a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied."

The Tenth Circuit has indicated that Rule 41(d) allows the recovery of both costs and attorney's fees in cases where there is evidence of forum shopping and bringing repetitive cases. *See Meredith v. Stovall*, 216 F.3d 1087 (10th Cir. 2000). Both forum-shopping and vexatious conduct are occurring in this case, and the requirements of Rule 41(d) have been met based on two prior cases filed by Plaintiffs: *Hansen* and *Oh*.

---

[1] Defendants AMS and SCRAM of California have also begun the meet and confer process for Rule 11 Sanctions.

- 3 -

LA #4843-6068-5905 v1

### A. *Hansen* Case

The *Hansen* case was originally brought in the Central District of California by two plaintiffs, Roseanne Hansen and Jennifer Oh[2], alleging that Defendants AMS and SCRAM of California failed to disclose that their ankle-worn alcohol monitoring devices gave false-positive readings. *See* Request for Judicial Notice ("RJN"), Exh. A. After the court granted Defendants' motion to dismiss the original complaint and Defendants moved to strike Plaintiffs' First Amended Complaint, Plaintiffs moved for leave to file a Second Amended Complaint. *Id.* The Second Amended Complaint was filed by seven plaintiffs, including Jennifer Oh, Linda Soltis, Brooke Hoffman, Micah Bailey, and Christina Bohnstedt who are all plaintiffs in this case. *See* RJN, Exh. B. The Second Amended Complaint sought to bring a nation-wide class action lawsuit against Defendants AMS and SCRAM of California stemming from alleged false-positive reports based on the consumer protection, tort, and breach of contract laws of all fifty states. *Id.*

After Defendants AMS and SCRAM filed a Joint Motion to Dismiss the Second Amended Complaint, Plaintiffs Soltis, Hoffman, Bailey, and Bohnstedt voluntarily dismissed their claims *See* RJN, Exh. C. The court granted Defendants' Joint Motion to Dismiss the Second Amended Complaint with leave to amend, and following that Plaintiff Oh voluntarily dismissed her claims as well. *Id.*

Plaintiffs may argue that Defendant AMS should not be permitted to recover its fees and costs from *Hansen* because the *Hansen* lawsuit involved all state law claims such as consumer protection claims, fraud, breach of contract, and negligent

---

[2] Roseanne Hansen is not named in this lawsuit, but Jennifer Oh is.

misrepresentation, whereas this lawsuit involves violation of constitutional rights. The fact that Plaintiffs restyled their claims from state tort claims to civil rights claims is of no consequence because they are based on the same interaction with defendants. *See Esquivel v. Arau,* 913 F. Supp. 1382, 1387 (C.D. Cal. 1996) (awarding costs under 41(D) even though plaintiff's second lawsuit had different claims because the operative facts were essentially the same); *Gainey v. Brotherhood of R. & S.S. Clerks, etc.,* 34 F.R.D. 8, 10, 12 (D. Pa. 1963) (costs and stay imposed under Rule 41(d) where plaintiff argued a different cause of action arising from same facts). Both lawsuits stem from Plaintiffs wearing AMS and co-Defendants' alcohol monitoring devices and their contention that these devices gave false-positive reports. Indeed, the fact that Plaintiffs have tested out several different theories of liability against AMS and co-Defendants in different jurisdictions to see what 'sticks,' is more reason to award Rule 41(d) fees and costs.

Therefore, Plaintiffs Jennifer Oh, Linda Soltis, Brooke Hoffman, Micah Bailey, and Christina Bohnstedt should be required to pay AMS' fees and costs from the *Hansen* case because they have previously dismissed an action based on the same allegations.

### B. *Oh* Case

All Plaintiffs in this case were Plaintiffs in the *Oh* case, which was filed in the Central District of California. *See* RJN, Exh. D. In the *Oh* case, Plaintiffs claimed that the same Defendants, including AMS and SCRAM of California, violated their constitutional rights by allegedly reporting false-positives, failing to provide reports, and

- 5 -

LA #4843-6068-5905 v1

charging high fees. *See* RJN, Exh. E. The same allegations form the basis for this lawsuit and Plaintiffs have brought the same set of causes of action under the First Amendment, Fourth Amendment, Sixth Amendment, and Fourteenth Amendment. (Doc. #1.) Further, Plaintiffs in both cases seek the same relief, including certification of a class, declaratory judgment, and disgorgement of fees, injunctive relief, and monetary damages. *See* RJN, Exh. E, Doc. #1.

After the *Oh case was* filed, Plaintiffs filed a Motion to Transfer Venue to Colorado on August 24, 2017, which Defendant AMS opposed. *See* RJN, Exh. F.

Defendant AMS filed a Motion to Dismiss in the *Oh* case, which was joined by several other Defendants. Thereafter, an individual named Anthony Oliver filed a declaration on September 8, 2017 stating that he was the process server for the case and that he "instructed" Plaintiffs' counsel to dismiss the action without prejudice to re-file the matter in Colorado. *See* RJN, Exh. G. Mr. Oliver's declaration stated that he would pay for all fees that are associated with refiling this case in Colorado. *Id.* The case was subsequently voluntarily dismissed by all Plaintiffs that same day before the California District Court was able to rule on the pending Motion to Dismiss or Motion to Transfer Venue. *See* RJN, Exh. H.

By way of background, Mr. Oliver is a *pro se* litigant who has filed over 20 cases in California Federal Court in the last 6 years and 42 state actions between 2010, and 2013. He has been deemed vexatious by a Superior Court in California. *See* RJN, Exh. I. He has previously attempted to bring at least four single-plaintiff and class-action lawsuits against Defendants AMS and SCRAM of California in California state and

- 6 -
LA #4843-6068-5905 v1

federal courts.[3] Mr. Oliver voluntarily dismissed all of those cases, typically after it was brought to the court's attention that Mr. Oliver was a vexatious litigant and the Court required him to post security. See RJN, Exh. J. Mr. Oliver's involvement in this case is further evidence of how these lawsuits are a continuation of forum-shopping and vexatious litigation against Defendants, and why the imposition of fees is necessary.

Because all Plaintiffs in this matter previously voluntarily dismissed a prior lawsuit against AMS based on the same allegations, Plaintiffs should be required to pay Defendant AMS' fees and costs.

## II. PLAINTIFFS' EARLIER, ABANDONED LITIGATION CAUSED AMS TO INCUR COST

Rule 41(d) holds parties liable for the costs of needless and duplicative litigation. Under Rule 41(d), Defendant AMS is entitled to both expenses and attorney's fees that are reasonably incurred and that will not contribute toward Defendants' defenses in the present case. *See Meredith*, 216 F.3d at 1087. Here, the Court should order Plaintiffs to pay fees and costs AMS has incurred before this lawsuit proceeds.

### A. **AMS' Necessary Costs and Attorneys' Fees in *Hansen***

AMS acknowledges that some of the work performed to research the facts underlying Plaintiffs' underlying allegations in the *Hansen* case will benefit their defense in this lawsuit. Further, Defendants acknowledge that their fees litigating Plaintiffs'

---

[3] *Oliver v. AMS*, et al, Case no. 37-2016-00031893-CUPL-CTL (San Diego Superior Court); *Oliver v. SCRAM et al.*, Case No. 16-cv-1193-LAB (Southern District of California); *Oliver v. SCRAM*, et al, Case No. 2:17:cv-00237-SVW-AJW (Central District of California); *Oliver v. SCRAM, et al.,* Case No. 2:17-CV-04735-CAS-PLAx, (Central District of California).

- 7 -

LA #4843-6068-5905 v1

original complaint and First Amended Complaint occurred before the majority of plaintiffs in this case became plaintiffs in the *Hansen* matter. Therefore, AMS only seeks to recover its expenses and attorney's fees relating to the Second Amended Complaint, which was brought by Plaintiffs Jennifer Oh, Linda Soltis, Brooke Hoffman, Micah Bailey, and Christina Bohnstedt, and litigation subsequent to the Second Amended Complaint. (Coleman Decl.¶ 4.)

This includes preparing Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint, preparing the Rule 26(f) report and supplemental report, and attending the hearing on the Motion to Dismiss and Scheduling Conference. This totals $150.35 in costs, and $12,028.00 in attorney's fees. (*Id.* ¶¶ 5-6.)

B. **AMS Necessary Costs and Attorneys' Fees in *Oh***

AMS acknowledges that time spent assembling preliminary case materials and investigating Plaintiffs' allegations in the *Oh* case will assist with this lawsuit. However, much of the work devoted to defending Plaintiffs' action in the Central District of California will not benefit AMS' representation here. (Coleman Decl. ¶ 8.)

AMS has incurred $72.50 in costs and $8,928.00 in attorney's fees in the *Oh* case filing a Motion to Dismiss and opposing Plaintiffs' Motion to transfer venue. (*Id.* ¶¶ 7-8.) The Motion to Dismiss filed in the Central District of California entirely relied upon Ninth Circuit authority, which is inapplicable to the matter that has been re-filed in Colorado. Moreover, Plaintiffs have added numerous additional facts in this case to plead around the deficiencies which AMS raised in its Motion to Dismiss, which will thus require AMS to draft a new Motion to Dismiss. (*Id.* ¶ 8.)

## III. The Court Should Stay the Proceedings Until Plaintiffs Comply

Although originally confined to ejectment actions, "[t]he staying of suits pending the payment of costs incurred in prior actions involving the same parties and the same or similar subject matter is now universal." *Gainey,* 34 F.R.D. at 10.

Here, a stay should be granted in accordance with a well settled practice whereby a second action (or in this case, a third action) cannot be maintained for substantially the same relief asked for in a prior action until the costs of the first action have been paid. *See In re Hook*, 2009 WL 1916972, at *2 (10th Cir. July 6, 2009) (dismissing appeal for nonpayment of monetary sanctions ordered in previous case); *World Athletic Sports Corp. v. Pahlavi*, 267 F.Supp. 160, 163 (S.D.N.Y. 1966) ("The staying of suits pending the payment of costs incurred in prior actions involving the same parties and the same (or similar) subject matter [] is now universal.")

///

///

///

///

///

///

///

///

///

## CONCLUSION

For the reasons argued above, the Court should order 1) Plaintiffs Jennifer Oh, Linda Soltis, Brooke Hoffman, Micah Bailey, and Christina Bohnstedt to pay Defendant AMS $150.35 in costs, and $12,028.00 for the *Hansen* case; and 2) all Plaintiffs to pay Defendant AMS $72.50 in costs and $8,928.00 in attorney's fees for the *Oh* case. Plaintiffs' duplicative lawsuits have required AMS to incur unnecessary expenses defending against the same allegations in California. Plaintiffs should be required to pay these fees and costs before this matter proceeds.

DATED at Los Angeles, California this 13th day of October, 2017.

 s/ Susan E. Coleman
Susan E. Coleman
Kristina Doan Gruenberg
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600  Fax: 213.236.2700
E-mail: scoleman@bwslaw.com
E-mail: kgruenberg@bwslaw.com

Attorneys for Defendants
ALCOHOL MONITORING SYSTEMS, INC.,
SENTINEL OFFENDER SERVICES, LLC and
MIDWEST MONITORING and SURVEILLANCE