IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02286-RBJ

BETHANY LANGE, et al
    Plaintiffs,

v.

ALCOHOL MONITORING SYSTEMS, INC., et al,
    Defendants.

---

MOTION OF RHIDIAN D. W. ORR TO WITHDRAW AS COUNSEL FOR PLAINTIFFS.

---

Rhidian D. W. Orr, shown in the records of this Court as lead counsel herein, pursuant to D.C.COLO.LAttyR 5(b), moves for leave to withdraw as counsel of record herein as he cannot ethically provide representation for these Plaintiffs. As grounds therefore, Rhidian D. W. Orr shows the Court:

**D.C.COLO.LCIVR 7.1 STATEMENT**

The undersigned has emailed all entering counsel for Defendants and spoken with those who have thus far returned my calls. All responding counsel have indicated no objection to Counsel's withdrawal; but not all opposing counsel have responded. Given the status of this case, the undersigned does not believe that, as the procedural posture clarifies,

1

statements by Counsel who have responded should necessarily bind Defendants at the November 20, 2017, hearing.

**MOTION**

1. In September of 2017, the undersigned was contacted by a paralegal stating he was acting for William LeFaiver, asking if I would act as local counsel for a class action lawsuit dealing with SCRAM monitoring and the practice of certain SCRAM providers to withhold notification of alleged SCRAM positives until a motion to revoke was being filed; thus making it impossible for the monitored subjects to obtain any meaningful evidence to dispute the SCRAM positive result for alcohol use.

2. The morning of September 21, 2017, I was provided by e-mail a copy of a "Co-Counseling Agreement" bearing the Signature of William LeFaiver for The Law Offices of William LeFaiver, dated September 20, 2017. I executed that agreement for The Orr Law Firm LLC. At no time prior to the filing of this pleading have I filed any pleadings in this case through the courts ECF system. All pleadings for the Plaintiffs have been e-filed through Mr. LeFaiver's ECF account, without my participation.

3. On October 10, 2017, I received notice of the filing of document 35, Mr. LeFaiver's MOTION FOR WITHDRAWAL OF APPEARANCE AND TO STAY PROCEEDINGS. In the course of attempting to determine my

status in the case, I determined that I had no documents granting me authority for act for any Plaintiff other than the "Co-Counseling Agreement" which bore no signature of any Plaintiff. At that point I attempted to contact each Plaintiff to clarify my authority, but was handicapped by the fact that I had yet to be provided any United States Postal Service Addresses for the Plaintiffs and did not even have home numbers or e-mail addresses for some Plaintiffs.

4. Although I was initially orally authorized by the lead Plaintiff, she followed up with an e-mail which specifically denied me authority to do things which are inherently within a litigating attorney's discretion and upon which I am required to exercise independent judgment pursuant to the COLORADO RULES OF PROFESSIONAL CONDUCT. Some additional Plaintiffs have also e-mailed me with statements affirming limits on my authority which indicate that they have not authorized me to act as counsel consistent with the COLORADO RULES OF PROFESSIONAL CONDUCT and the Rules of this Court.

5. As I am unable to determine that Plaintiffs have actually authorized me to appear as their Counsel, consistent with the law controlling the attorney client relationship, I am ethically required to request that this

Court determine that I am not Counsel of Record herein, or permit me to withdraw.

**6.** Counsel understands his obligation under D.C.COLO.LAttyR 5(b), to notify the Plaintiffs **that he is "personally responsible for complying with all court orders and time limitations established by applicable statutes and rules."** Additionally Plaintiff s are notified of the Court's Minute order of October 14, 2017, to wit:

> MINUTE ORDER: A Status/Scheduling Conference is set for November 20, 2017 at 1:30 p.m.in Courtroom A 902 before Judge R. Brooke Jackson. The Court expects all counsel for the plaintiffs and at least one lawyer for each served defendant to attend in person. The Court suspends the deadline to answer or otherwise respond to the Complaint and will address that issue among others at the status/scheduling conference. Defendants and counsel are ordered not to contact any of the named plaintiffs. By Judge R. Brooke Jackson on 10/13/17. Text Only Entry (rbjsec. )
> (Entered: 10/13/2017)

7. Notice is being provided by e-mailing a pdf of this motion to the fourteen (14) Plaintiffs whose e-mails appear in my records. Additionally, hard copy is being mailed by Priority Mail to the five (5) United States Postal Service addresses appearing in my files. While I have been making diligent efforts to obtain contact information, and will continue to do so, I currently have only a telephone number on one Plaintiff and no contact information on one Plaintiff.

8. It is Counsel's understanding that the Court will not act upon this motion until the hearing set for November 20, 2017, and Counsel will provide status of his attempts to notify individual Plaintiffs at that time.

Wherefore, Rhidian D. W. Orr, prays the Court determine that I am not Counsel of Record herein, or permit me to withdraw.

Dated: Monday, October 30, 2017.

Respectfully submitted:

/s/ Rhidian David Watson Orr
Rhidian David Watson Orr
Orr Law Firm, L.L.C.
720 South Colorado Boulevard
Suite 1110–N
Denver, CO 80246
303–818–2448
Fax: 303–845–9140
Email: rhidian@orrlaw.com

Counsel Requesting Leave to Withdraw

Pursuant to D.C.COLO.LCivR 5.2, service was had pursuant to the Notice of Electronic Filing generated by the CM/ECF system.