**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. <u>1:17-cv-02286-RBJ</u>

BETHANY LANGE,
JENNIFER OH,
BROOKE HOFFMAN,
MICAH BAILEY,
LINDA SOLTIS,
DERRICK SMITH,
SHILOH IRVIN,
MATTHEW BRUDNICKI,
JAMES ROCHE,
JENNIFER JOHNSTON,
MICHAEL SPANO,
TORIANNA BONDS,
DAKOTA JONES,
DUSTY DERIGO,
DAN MCCULLOUGH,
ANGEL GONZALES,
CHRISTINA BOHNSTEDT,
On Behalf Of Themselves And All Others Similarly Situated,

     Plaintiff(s),

v.

ALCOHOL MONITORING SYSTEMS, INC., a Delaware Corporation;
LOS ANGELES ALCOHOL MONITORING Inc., a California Entity;
SCRAM OF CALIFORNIA, Inc., a California Corporation;
ETOH MONITORING, L.L.C., a Louisiana Corporation;
RECOVERY SOLUTIONS  CONSULTING & TRAINING CORP, a New York Corporation; RECOVERY HEALTHCARE CORPORATION, a unknown entity;
SENTINEL OFFENDER SERVICES, LLC., a Delaware Corporation;
SCRAM SYSTEMS OF ILLINOIS, Inc., an Illinois Entity;
HOUSE ARREST SERVICES, Inc., Unknown Entity;
ROCKY MOUNTAIN OFFENDER MANAGEMENT SYSTEMS, LLC., a Colorado Corporation;
PRONTOTRAK, Inc., a Georgia Corporation;
TOTAL COURT SERVICES OF INDIANA, L.L.C., an Indiana Corporation;
COURT PROGRAMS, Inc., a Mississippi Corporation;
MIDWEST MONITORING AND SURVEILLANCE, INC., a Minnesota Corporation; and DOES 1-10, inclusive,

Defendant(s).

**Defendants Alcohol Monitoring Systems, Inc., Sentinel Offender Services, LLC, Midwest Monitoring and Surveillance, Inc., and Scram Systems of Illinois' Motion to Dismiss Plaintiffs for Failure to Prosecute**

Defendants ALCOHOL MONITORING SYSTEMS, INC. ("AMS"), SENTINEL OFFENDER SERVICES, LLC,[1] MIDWEST MONITORING AND SURVEILLANCE, and SCRAM SYSTEMS OF ILLINOIS, (hereinafter referred to as "Defendants") by and through their attorney of record, move this Court under Federal Rule of Civil Procedure 41(b) to dismiss this action for failure to prosecute this matter and failure to comply with this Court's order.

Defendants certify that, pursuant to D.C. Colo. L. Civ. R. 7.1(A), defense counsel sent a meet and confer letter to pro se Plaintiffs Lange, Smith, Spano, McCullough, and Soltis, regarding the grounds for this motion and the relief requested on December 22, 2017. (Coleman Decl. ¶ 2.)  Counsel sent the same meet and confer letter to Plaintiffs Bonds and Jones on December 27, 2017, as soon as these Plaintiffs filed their addresses with the Court. (*Id.* ¶ 3.)  Defense counsel does not have any contact information regarding the remaining Plaintiffs in this case, who are also pro se. (*Id.* ¶ 5.) Defense counsel has not heard back from any Plaintiffs. (*Id.* ¶ 6.)

## **INTRODUCTION**

Plaintiffs are a group of individuals who contend they wore Defendant AMS and other Defendants' ankle-worn alcohol monitoring devices as part of their court-

---

[1] Defendant Sentinel Offenders has not yet been served in this case.

mandated rehabilitation programs.  Plaintiffs bring Section 1983 claims against numerous corporations, based on several disjointed theories, and seek nation-wide class certification.  Plaintiffs claim Defendants' alcohol monitoring devices give false-positive readings, the fees for such monitoring are exorbitant, Defendants failed to provide timely reports or information about fee reductions, and that Defendants have retaliated against Plaintiffs.  This case is the second attempt by all Plaintiffs and the third attempt by several Plaintiffs to bring a meritless class-action lawsuit against AMS arising out of the same interactions.[2]

On November 20, 2017, the Court held a hearing on William LeFaiver and Rhidian Orr's motions to withdraw as counsel and to determine if there was any fraud being perpetrated against the Court in light of several unusual filings with the Court.  The questioning by the Court at the hearing revealed that the complaint in this case was actually filed by Anthony Oliver, an individual who has been deemed a vexatious litigant in California.  The Court granted Mr. LeFaiver and Mr. Orr's motion to withdraw as counsel and issued an order requiring Plaintiffs to either retain counsel or inform the Court as to how they wish to proceed with this case by December 20, 2017.  No response has yet been provided by any Plaintiff.

Accordingly, Defendants respectfully move to dismiss this case for failure to prosecute and failure to comply with the Court's order.

///

---

[2] As the Court acknowledged in its most recent order, Defendant AMS has a pending Motion for Fees and Costs under Rule 41(d), which outlines the procedural history of Plaintiffs' two prior cases.

## RELEVANT PROCEDURAL HISTORY

On November 21, 2017, a day after the hearing on the motion to withdraw as counsel, the Court issued an order stating in relevant part:

> The Court's stay of proceedings took effect on November 20, 2017 and will continue for 30 days, i.e., up to and including December 20, 2017. Please use that time to reevaluate the case and, if you wish to go forward, to seek competent counsel to represent you. If counsel has not appeared on your behalf before that date, then the Court directs each of you individually to file a status report explaining how you are planning to proceed with this case.

(Doc. #67.)

Since the Court issued this order, no attorneys have appeared in this case on behalf of Plaintiffs and no Plaintiffs have filed individual status reports indicating how they plan on proceeding with this case, which they were required to do pro se if counsel did not appear by December 20, 2017.

Instead, there have only been limited and curious filings in this case, which fail to satisfy the Court's November 21, 2017 order.  Plaintiffs Lange, Smith, and Spano filed notices of change of address on December 15, 2017, and Plaintiff McCullough filed a notice of change of address on December 18, 2017. (Doc. # 68, 69, 70, 82.)  Plaintiffs Lange and Bonds filed notices of change of address on December 27, 2017.  (Doc. # 84, 85.) The language on all of the notices of change of address appear to come from the same template.  It is unclear if these Plaintiffs all from different states are working with each other and/or working with Anthony Oliver, despite the Court's admonition not to seek legal advice from Mr. Oliver.

4

On December 15, 2017: Plaintiff Smith voluntarily dismissed several served and unserved defendants: Defendant Recovery Health Care Corporation (Doc. #71) Los Angeles Alcohol Monitoring, Inc. (Doc. #72), Midwest Monitoring and Surveillance, Inc. (Doc. #73), Prototrak (Doc. #74), Recovery Solutions Consulting & Training Corp. (Doc. #75), ETOH (Doc. #76), Total Court Services of Indiana (Doc. #77), Scram Systems of Illinois (Doc. #78), Rocky Mountain Offender Management Systems (Doc. #79), Sentinel Offender Services (Doc. #80), and House Arrest Services (#80).  In the original complaint, it states that Plaintiff Derrick Smith only brings claims against Defendant AMS and Recovery Healthcare Corporation (Doc. #1, ¶ 89), and thus it is unclear as to whether Plaintiff Smith is attempting to dismiss these Defendants on behalf of all plaintiffs or why Plaintiff Smith is dismissing Defendants he does not have claims against.

Plaintiffs Oh, Hoffman, Bailey, Soltis, Irvin, Brudnicki, Johnston, Derigo, Gonzales, and Bohnstedt have not filed any pleadings since the November 21, 2017 order.

## **ARGUMENT**

Plaintiffs' case should be dismissed pursuant to Rule 41(b) because Plaintiffs have failed to comply with the Court's November 21, 2017 Order, and have failed to demonstrate an ability to prosecute this case.

Rule 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. Fed. R. Civ. P. 41(b).  To determine whether dismissal is an appropriate sanction, the Court is guided by the following

factors: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance;[3] and (5) the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations and quotations omitted.)  Here, the factors weigh in favor of dismissal as explained below.

First, Defendants are prejudiced by Plaintiffs' failure to participate in this lawsuit. Defendants reason to believe that this entire lawsuit is a sham orchestrated by Anthony Oliver.  (Coleman Decl. ¶¶ 6-8.)  This is the third attempt to file a nation-wide class action lawsuit against Defendant AMS.  Defendants have been unable to defend themselves against these allegations because Plaintiffs have continued a pattern of voluntarily dismissing cases which have caused Defendants to incur fees and costs, which are the subject of a pending Rule 41(d) motion.  Now, Plaintiffs have failed to participate in this lawsuit or to comply with court orders, which makes it impossible to know how they plan on proceeding (if at all) with a proposed class-action lawsuit. Defendants cannot meaningfully challenge Plaintiffs' pleadings, conduct discovery, or bring closure to this case within a reasonable time. (Coleman Decl. ¶ 9); *see Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007) (upholding dismissal of case based on failure to prosecute after plaintiff failed to demonstrate through filing a status report that he was prosecuting the matter, and finding that defendant had a

---

[3] A warning is not a *sine qua non* for dismissal. On the contrary, "no notice of any type need be given by the court prior to dismissal." *Stanley v. Cont'l Oil Co.,* 536 F.2d 914, 917 (10th Cir.1976) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 632-33, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

legitimate interest in bringing the matter to closure within a reasonable time.)

Second, this case has interfered with the judicial process.  The Court has already spent a considerable time investigating potential fraud and wrongdoing in this case and has had to use substantial court time to hold a hearing on the matter.  The Court issued a detailed order instructing Plaintiffs what they were required to do and should not be required to hand-hold Plaintiffs through this case.  Moreover, the Court has not yet been able to set a schedule in this matter.  Therefore, Plaintiffs have impeded with the Court's ability to bring a speedy and just resolution to this matter for the Defendants, as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 1.

Third, the notices of change of address and notices of voluntary dismissal filed by Plaintiff Smith (and others) indicate that several, if not all, Plaintiffs received the Court's November 20, 2017 Order, but have failed to retain counsel or to comply with the requirement of filing a status report explaining how they plan on proceeding with this case.  Plaintiffs have had ample time to comply with the Court's order and have not provided any explanation as to why they have failed to do so.  Nor have they sought an extension or filed any other acknowledgment of the details of the Order.

Finally, lesser sanctions would not be effective in this case.  Plaintiffs have demonstrated a history of forum-shopping and inability to comply with Court orders.

Therefore, this case should be dismissed pursuant to Rule 41(b).  In the alternative, Defendants respectfully request that this Court to hold a show cause hearing with personal appearances required by Plaintiffs.  Given the fraud and unusual history of this case, personal appearances would ensure that real Plaintiffs are

participating in this case and are not violating the Court's order limiting Plaintiffs from seeking legal advice from Anthony Oliver.

## CONCLUSION

For the reasons argued above, Defendants respectfully request that the Court dismiss this entire case in its entirety, with prejudice, pursuant to 41(b).

DATED at Los Angeles, California this 27th day of December, 2017.

 s/ Susan E. Coleman
Susan E. Coleman
Kristina Doan Gruenberg
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA  90071-2953
Tel:  213.236.0600  Fax:  213.236.2700
E-mail:  scoleman@bwslaw.com
E-mail:  kgruenberg@bwslaw.com

Attorneys for Defendants
ALCOHOL MONITORING SYSTEMS, INC.,
SENTINEL OFFENDER SERVICES, LLC,
MIDWEST MONITORING AND SURVEILLANCE, and SCRAM SYSTEMS OF ILLINOIS